JAMIE BOTELLO, Plaintiff-Appellee, v. ILLINOIS CENTRAL RAILROAD COMPANY *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—03—0314

Opinion filed April 26, 2004.

James A. Fletcher and Colleen Konicek, both of Fletcher & Sippell, L.L.C., of Chicago, for appellants.

Paul M. McMahon, of Costello, McMahon & Burke, Ltd., of Chicago, for appellee.

JUSTICE GORDON delivered the opinion of the court:

In this permissive interlocutory appeal taken pursuant to Supreme Court Rule 306 (155 Ill. 2d R. 306), defendants, Illinois Central Railroad, Richard Stickler and David Hendrix, appeal from the circuit court's order denying their motion to transfer this case based on the doctrine of *forum non conveniens*. Defendants sought to transfer this case from the circuit court of Cook County to the circuit court of Du Page County. Defendants claim that the trial court erred in rejecting their affidavit, in that the rejection was contrary to Illinois law and inconsistent with Supreme Court Rule 187 (134 Ill. 2d R. 187). Defendants further claim that the trial court abused its discretion in denying the motion to transfer this case to the circuit court of Du Page County because the private and the public interest factors heavily weigh in favor of transfer. Although plaintiff has not filed a brief in this court, we will consider the appeal pursuant to the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493 (1976). For the following reasons, we reverse the order of the trial court.

## BACKGROUND

On November 11, 2000, plaintiff, a resident of Du Page County, was injured when he was struck by a train while lying between the rails of the train track. The accident occurred near "west North

Avenue" in Addison, Du Page County. On October 31, 2002, plaintiff filed a lawsuit against defendants Illinois Central Railroad Company (hereinafter referred to as IC), Richard Stickler, and David Hendrix in the circuit court of Cook County. In his complaint, plaintiff alleged the train that struck him was owned by IC and operated by Stickler and Hendrix. Plaintiff further claimed that defendants were negligent in failing to keep a proper lookout, failing to engage the emergency brake in a timely manner, failing to sound the train's whistle in a timely manner, failing to operate the train at a safe speed and failing to properly supervise and train employees.

On December 12, 2002, defendants filed a motion to transfer the case from the circuit court of Cook County to the circuit court for the Eighteenth Judicial Circuit, Du Page County, based upon Supreme Court Rule 187 and the doctrine of intrastate *forum non conveniens*. Defendants argued that the circuit court of Du Page County was the more convenient forum for all parties. Defendants further argued that both the private interest and the public interest factors weighed heavily in favor of the case being decided in the circuit court of Du Page County. In support of their contention that the private interest weighed heavily in favor of a transfer, defendants filed a memorandum of law and an uncontested affidavit executed by a representative of codefendant Illinois Central Railroad Company. In support of their contention that the public interest factors weighed heavily in favor of a transfer, defendants filed an exhibit showing the time lapse between the date of filing to the date of verdict for cases filed in the circuit court of Cook County and those filed in the circuit court of Du Page County.

The affidavit filed in support of the private interest factors was executed by Donald E. Corp, the risk manager for IC and Chicago, Central and Pacific Railroad (hereinafter referred to as CCP). The affidavit stated that as part of Mr. Corp's job responsibilities he was required to investigate claims asserted against IC and CCP. As a result, he arrived at the scene of the accident, conducted an investigation at the accident site and at the hospital, and reviewed documents kept in the ordinary course of business relating to plaintiff's claim. Based on this investigation, Corp stated he was familiar with plaintiff's claim. However, none of the documents Corp relied on were authenticated or attached to the affidavit.

The affidavit recited that the train in question was owned by CCP, a corporate affiliate of IC with headquarters in Waterloo, Iowa, and was operating on a track owned by CCP. The crew operating the train consisted of Hendrix, the engineer, and Stickler, the conductor, each of whom work for CCP. Both Stickler, who resides in LaPorte City, Iowa,

and Hendrix, who resides in Cedar Falls, Iowa, reported to work at CCP's terminal in Waterloo, Iowa. At the time of the accident, the train was heading westbound to Waterloo, Iowa.

The affidavit stated that the train involved in the accident was equipped with an event recorder, which electronically records information concerning the operation of the train. Following the accident, the supervisor of the train engineers, Doyle Cowles, downloaded the information from the event recorder. Cowles resides in Hudson, Iowa, and works for CCP at its Waterloo terminal.

The affidavit further stated that three police officers from the Addison police department in Du Page County responded to the accident: C. Pope, Scott Sullivan and Angelo Denofrio. Officers Pope, Sullivan and Denofrio investigated the accident and made written reports of their investigation, which are maintained by the department at its office in Addison located in Du Page County.

Additionally, the affidavit outlined that plaintiff was attended to at the scene by paramedics from the Villa Park fire department located in Du Page County. The paramedics then transported plaintiff to Good Samaritan Hospital located in Downers Grove in Du Page County. He was treated at the hospital by doctors on the hospital staff, including Dr. Satarno. Upon release from the hospital, plaintiff received follow-up treatment from Dr. Steven S. Louis of Hinsdale Orthopaedics in Hinsdale located in Du Page County.

Lastly, the affidavit stated that, "based on his review of the records," the affiant believed that aside from plaintiff, the persons identified in the affidavit had knowledge of the facts relating to the accident and would be called to testify at any trial of this case, and that the affiant was not aware of any witnesses who resided in Cook County or of any physicians who provided treatment to plaintiff in Cook County. The affidavit went on to state that CCP would incur "significantly more expense" if this matter was tried in Cook County versus Du Page County and that it would be more convenient for CCP, the witnesses, and even plaintiff, if the case were tried in Du Page County.

With their motion to transfer the case, defendants included a time-lapse exhibit to support their argument that the public interest factors also favored a transfer of the case to Du Page County. More specifically, the time-lapse exhibit showed the statistics from the Administrative Office of Illinois Courts for the year 2000. However, we note that the trial court, in its opinion, provided the statistics from the Administrative Office of Illinois Courts for the year 2001. The 2001 statistics showed that there were 535 jury verdicts for over $50,000 in Cook County, with an average time from filing to verdict of

38.1 months. In contrast, Du Page County had 49 such cases with an average time from filing to verdict of 28.2 months.

On December 20, 2003, the parties in this case appeared before the trial court on defendants' motion. The trial court inquired whether defendants required written discovery prior to the ruling on the motion, but defendants advised that the motion was being submitted "as is." Therefore, the trial court advised plaintiff that a formal response to the motion would not be necessary.

On January 10, 2003, the trial court issued its order denying defendants' motion without benefit of a response or affidavit from plaintiff as to whether the contentions raised by defendants in support of transfer were in dispute. In denying the motion, the trial court ruled that Corp's affidavit did not meet the requirements of Illinois Supreme Court Rule 191(a). 210 Ill. 2d R. 191(a). In that regard, the court stated that Corp relied on documents kept in the ordinary course of business; however, no such documents were authenticated and attached to the affidavit. Therefore, the court concluded, any averments set forth in the affidavit were based upon hearsay documents and would not be admissible statements even if Corp was called as a witness. As a consequence, the trial court concluded that defendants failed to provide any evidence supporting their motion to transfer. Alternatively, the trial court ruled that even if Corp's affidavit were considered, defendants had still failed to show that the balance of private interest and public interest factors favored a transfer to Du Page County.

On February 10, 2003, defendants filed a petition for leave to appeal the decision of the trial court denying the motion to transfer. This court granted the petition for leave to appeal pursuant to Supreme Court Rule 306 (166 Ill. 2d R. 306).

On appeal, defendants contend that the trial court abused its discretion in denying the motion to transfer based on the doctrine of *forum non conveniens*.

## ANALYSIS

### Sufficiency of Affidavit

■ Defendants first contend that the trial court abused its discretion by imposing a requirement for affidavits filed in support of a motion to transfer based on the doctrine of *forum non conveniens* that is contrary to Illinois law and inconsistent with Supreme Court Rule 187 (134 Ill. 2d R. 187). In this regard, the trial court found that the affidavit submitted by defendants did not meet the requirements set forth in Supreme Court Rule 191(a) (210 Ill. 2d R. 191(a)) and, thus, the affidavit should be disregarded. We agree with defendants' position that this finding was improper.

Supreme Court Rule 191(a) provides in pertinent part:

"Affidavits in support of and in opposition to a motion for summary judgment under section 2—1005 of the Code of Civil Procedure, affidavits submitted in connection with a motion for involuntary dismissal under section 2—619 of the Code of Civil Procedure, and affidavits submitted in connection with a motion to contest jurisdiction over the person, as provided by section 2—301 of the Code of Civil Procedure, shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." 210 Ill. 2d R. 191(a).

Thus, by its own terms, Supreme Court Rule 191(a) is applicable only to affidavits under sections 2—1005, 2—619, and 2—301(b) of the Code of Civil Procedure (735 ILCS 5/2—1005, 2—619, 2—301(b) (West 2002)) (hereinafter referred to as Code) and does not apply to affidavits filed in conjunction with any other type of civil proceedings. See *Marquette National Bank v. B.J. Dodge Fiat, Inc.*, 131 Ill. App. 3d 356, 362, 475 N.E.2d 1057, 1061 (1985) (finding that an affidavit filed in support of a creditor's security interest in property did not invoke the requirements of Supreme Court Rule 191(a)); *People v. Frieder*, 90 Ill. App. 3d 116, 121, 413 N.E.2d 432, 437 (1980) (the affidavit filed in an action by one landowner against an adjoining land owner could not be judged by the affidavit requirements of Supreme Court Rule 191(a)). Notably, Rule 191(a) omits from its scope affidavits filed in support of *forum non conveniens* motions pursuant to Supreme Court Rule 187. Generally, in these and other types of civil proceedings not encompassed under Rule 191(a), there is a more relaxed standard for judging the sufficiency of affidavits. See *Marquette National Bank*, 131 Ill. App. 3d at 362, 475 N.E.2d at 1061; see also *Frieder*, 90 Ill. App. 3d at 121, 413 N.E.2d at 437. For instance, the standard is met in certain civil cases if the affidavit merely sets forth facts within the personal knowledge of the affiant. *Marquette National Bank*, 131 Ill. App. 3d at 362, 475 N.E.2d at 1061; *Frieder*, 90 Ill. App. 3d at 121, 413 N.E.2d at 437.

Supreme Court Rule 187, which, as noted, specifically pertains to affidavits filed in support of *forum non conveniens* motions, provides in pertinent part:

"Hearings on motions to dismiss or transfer the action under the doctrine of *forum non conveniens* shall be scheduled so as to allow

the parties sufficient time to conduct discovery on issues of fact raised by such motions. Such motions may be supported and opposed by affidavit. In determining issues of fact raised by affidavits, any competent evidence adduced by the parties shall also be considered. The determination of any issue of fact in connection with such a motion does not constitute a determination of the merits of the case or any aspect thereof." 134 Ill. 2d R. 187.

As is the case with other non-Rule 191(a) affidavits, affidavits filed under Rule 187 are determined by a different standard than the sufficiency of those affidavits required under Rule 191(a) for motions for summary judgement (section 2—1005), involuntary dismissal (section 2—619), or jurisdiction over a person (section 2—301(b)). See *Walker v. Iowa Marine Repair Corp.*, 132 Ill. App. 3d 621, 630, 477 N.E.2d 1335, 1341 (1985); see also *Haring v. Chicago & North Western Transportation Co.*, 103 Ill. 2d 530, 533, 470 N.E.2d 288, 289 (1984). Both federal and state courts agree that the sufficiency of affidavits filed in support of a *forum non conveniens* motion is measured by the extent to which it allows the trial court to balance the private and public interest factors, which will be discussed in detail below. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266 (1981); *Moore v. AT&T Latin America Corp.*, 177 F. Supp. 2d 785, 790-91 (N.D. Ill. 2001); *Gasda v. Indian Harbor Belt R.R. Co.*, No. 98 C 8371 (N.D. Ill. August 2, 1999); *Countryman & Lee v. Stein Roe & Farnham*, 681 F. Supp. 479, 483-84 (N.D. Ill. 1987); *Walker*, 132 Ill. App. 3d at 630, 477 N.E.2d at 1341; *Haring*, 103 Ill. 2d at 533, 470 N.E.2d at 289. These cases do not require that the information contained in the affidavit necessarily be based upon first-hand knowledge, as long as the affidavits are factually sufficient. See *Walker*, 132 Ill. App. 3d at 630, 477 N.E.2d at 1341; see also *Haring*, 103 Ill. 2d at 533, 470 N.E.2d at 289. The courts agree that, based upon the difference in the stage of litigation which invokes the issue of summary judgment and that which invokes *forum non conveniens*, an affidavit filed in support of a *forum non conveniens* motion requires less specificity and less detail. See *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258, 70 L. Ed. 2d 419, 437, 102 S. Ct. 252, 266 (1981) (finding that at the *forum non conveniens* stage of the litigation some leeway in specificity of an affidavit must be given); *Walker*, 132 Ill. App. 3d at 630, 477 N.E.2d at 1341 (holding that so long as the affidavit can show that information and witnesses necessary to the trial are located in counties far more convenient to the action, no more specificity is required). This distinction which the courts have drawn between *forum non conveniens* and summary judgment motions as to specificity

and level of detail is consistent with the fact that the affidavits filed under Rule 187 are omitted from the prerequisites set forth in Rule 191(a). 210 Ill. 2d R. 191(a). Accordingly, we are not convinced that affidavits should be considered insufficient even if they contain elements of hearsay. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266 (1981); *Walker*, 132 Ill. App. 3d at 630, 477 N.E.2d at 1341; *Haring*, 103 Ill. 2d at 533, 470 N.E.2d at 289; accord *Butcher v. Gerber Products Co.*, No. 98 CIV 1819 (RWS) (S.D.N.Y. August 3, 1998) (finding that one affidavit including a general statement of the nature of witness testimony is sufficient and the plaintiff need not procure an affidavit from each individual witness outlining his or her specific testimony).

We further note that, although the sufficiency of affidavits under Rule 187 was considered and tested in *Cotton, Haring* and *Walker*, none of these cases invoked a hearsay exclusion with respect to those affidavits. See *Cotton v. Louisville & Nashville R.R. Co.*, 14 Ill. 2d 144, 152, 152 N.E.2d 385, 389 (1958); see *Haring*, 103 Ill. 2d at 533, 470 N.E.2d at 289; see also *Walker*, 132 Ill. App. 3d at 630, 477 N.E.2d at 1341. All three cases involved the question of how much detail was required in an affidavit filed in support of a *forum non conveniens* motion. In *Cotton*, the court, in denying the transfer, found that the defendant had not satisfied its burden of proof. *Cotton*, 14 Ill. 2d at 168, 152 N.E.2d at 389. The failure of the defendant to give the names of witnesses, to indicate what their testimony would be and to show how vital the testimony would be furnished a reasonable basis for the trial court to find that the defendant had not met the burden of proof. *Cotton*, 14 Ill. 2d at 168, 152 N.E.2d at 389. However, in *Haring*, the defendant averred names and addresses of postaccident witnesses along with names and addresses of medical witnesses. *Haring*, 103 Ill. 2d at 533, 470 N.E.2d at 289. The supreme court in *Haring* found the contents of that affidavit were sufficient to demonstrate that there were witnesses necessary to the trial whose testimony could be more conveniently produced in the alternate forum. *Haring*, 103 Ill. 2d at 533, 470 N.E.2d at 289. For that same reason, in *Walker*, the court found that an affidavit that named the employees and their county of residence, the port engineer and his county of residence, the medical center where plaintiff received treatment, the location of employment records and the location of the defendant's representatives familiar with the case was sufficient to warrant a transfer. *Walker*, 132 Ill. App. 3d at 630, 477 N.E.2d at 1341.

The affidavit in support of defendants' motion in this case did not contain the type of general allegations found to be deficient in *Cotton*,

14 Ill. 2d at 152, 152 N.E.2d at 389. Instead, this case resembles *Haring* and *Walker*, in that the Corp affidavit set forth names and addresses of CCP employees present at the scene of the accident, names and addresses of police officers who reported to the scene of the accident, names and addresses of medical witnesses who treated or examined plaintiff as a result of the injuries, and the location of employment records. See *Haring*, 103 Ill. 2d at 533, 470 N.E.2d at 289; see also *Walker*, 132 Ill. App. 3d at 630, 477 N.E.2d at 1341. Therefore, the contents of the Corp affidavit sufficiently demonstrated that there were witnesses and information necessary to the trial of this case that could be more conveniently produced if the case was tried in the suggested alternate forum, rather than in Cook County. These contents meet the exact criteria for affidavits in support of *forum non conveniens* motions set forth by the Illinois Supreme Court. *Haring*, 103 Ill. 2d at 533, 470 N.E.2d at 289; see *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266 (1981).

Moreover, even though we have concluded that under Supreme Court Rule 187 hearsay does not vitiate the affidavit, we note that it is not clear that the Corp affidavit in fact is built upon hearsay. We make reference to paragraphs 2 and 9 of the affidavit. In paragraph 2, Corp states "as part of my job responsibilities as Risk Manager, I am required to familiarize myself with claims asserted against IC & CCP. As a result, I am familiar with the claim that has been asserted against IC by plaintiff Jamie Botello and have reviewed the documents kept in the ordinary course of business relating to Mr. Botello's claim." Corp goes on in paragraph 9 to state that he went to the scene immediately following the accident and to Good Samaritan Hospital while plaintiff was being treated. These statements demonstrate that his affidavit was not based on hearsay, but on his own investigation. Paragraphs 2 and 9 were included in Corp's affidavit to establish the fact that Corp had personal knowledge of the location and details of the accident. They were not included to establish the truth of any statements made by CCP staff, hospital representatives, Addison police officers or anyone else other than the affiant, Corp. *People v. Carpenter*, 28 Ill. 2d 116, 121, 190 N.E.2d 738, 741 (1963) (finding that hearsay rests on the credibility of someone other than the in-court asserter). The value of those statements, therefore, does not hinge upon the credibility and veracity of anyone other than Corp. Only Corp can be held liable for perjury if the statements contained in the affidavit are untrue. R. Hunter, Trial Handbook for Illinois Lawyers, Civil § 48.12 at 193 (7th ed. 1997). Clearly, Corp's statements are not encompassed within the definition of hearsay provided above.

Furthermore, even if *forum non conveniens* affidavits were subject to hearsay restrictions, it would not be good practice for the trial court to strike such affidavits on its own, without objection from plaintiff. Failure to object to hearsay during trial allows such evidence to be considered by the trier of fact and to be given its natural probative effect as if it was in law admissible. *Town of Cicero v. Industrial Comm'n*, 404 Ill. 487, 495, 89 N.E.2d 354, 359 (1949); *People v. Williams*, 139 Ill. 2d 1, 15, 563 N.E.2d 431, 437 (1990). Therefore, if after defendants filed their motion, there was any question as to the admissability or veracity of the statements made in Corp's affidavit, the trial court, as a matter of good practice, should not have intervened before plaintiff first moved to strike the affidavit. In the absence of a motion to strike any objection to the hearsay content, which could otherwise have been made, would have been waived even if the standards of 191(a) were to apply. See *Kolakowski v. Voris*, 83 Ill. 2d 388, 398, 415 N.E.2d 397, 402 (1980). Instead, the court here *sua sponte* rejected the affidavit and advised plaintiff to do nothing more, not even to file a counteraffidavit. The trial court instructed plaintiff that no response was necessary and that the order would be issued based on the facts contained in defendants' affidavit and memorandum.

Based upon the foregoing, the trial court erred when it determined the sufficiency of Corp's affidavit under Supreme Court Rule 191(a). Had Corp's affidavit in support of the motion to transfer been properly considered in conjunction with Supreme Court Rule 187, there would have been no question as to the sufficiency of that affidavit. The contents of the Corp affidavit were sufficient to demonstrate that there are witnesses and information necessary to the trial of this case that could be more conveniently produced if the case is tried in Du Page County, rather than in Cook County.

## Forum Non Conveniens

We must now, therefore, consider the substantive merit of the movants' motion and supporting affidavit, which the trial court alternatively considered and rejected as insufficient. In that respect, we further agree with defendants that the trial court erred in its conclusion that the substantive content of the movants' affidavit did not warrant a transfer.

Under section 2—101 of the Code, venue will lie "in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment" or "in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2—101 (West 2002). Section 2—102 of the Code provides further that an Illinois corporation

or a foreign corporation authorized to transact business in Illinois "is a resident of any county in which it has its registered office or other office or is doing business." 735 ILCS 5/2—102(a) (West 2002).

■ Venue is a legal concept while *forum non conveniens* is an equitable doctrine. The doctrine, on either an interstate or intrastate basis, presupposes the existence of more than one proper venue and permits the court in which the action is filed to decline jurisdiction and direct the lawsuit to an alternative forum which it determines can better serve the convenience of the parties and the ends of justice. *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 76-77, 457 N.E.2d 417, 418-19 (1983); see *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 365-66, 456 N.E.2d 98, 100-01 (1983). A trial court's decision regarding a *forum non conveniens* motion will not be disturbed absent a clear showing that the court abused its discretion. *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 553, 607 N.E.2d 214, 216 (1992); *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 398, 581 N.E.2d 644, 645 (1991); *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 106, 554 N.E.2d 209, 211 (1990).

■ In ruling upon a *forum non conveniens* motion, a court must apply a balancing test of various private interest factors affecting the litigants' convenience and various public interest factors affecting the administration of the courts. *Kwasniewski*, 153 Ill. 2d at 552-53, 607 N.E.2d at 216; *Washington*, 144 Ill. 2d at 399, 581 N.E.2d at 645; *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223-24, 506 N.E.2d 1291, 1293-94 (1987); see *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 69, 704 N.E.2d 830, 836 (1998). These factors include the following:

> "[T]he important [private interest] considerations include:
>> 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.' [Citation.]
>
> Public factors to be considered include the status of the court docket where the action was filed, imposition of jury duty on the community, and the local interest in having a localized controversy resolved at home." *Washington*, 144 Ill. 2d at 399, 581 N.E.2d at 645.

See *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266 (1981); see also *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 843 (1947). In balancing these factors, the trial court must look at the totality of the

circumstances in an effort to determine whether the defendant has proven the factors strongly favor transfer. *First American Bank v. Guerine*, 198 Ill. 2d 511, 518, 764 N.E.2d 54, 59 (2002).

In addition to balancing the private and public interest factors, a ruling on *forum non conveniens* must also consider the plaintiff's substantial right to choose the forum in which to bring an action. *Evans v. MD Con, Inc.*, 275 Ill. App. 3d 292, 295, 655 N.E.2d 1016, 1019 (1995). A plaintiff is given the right to choose the forum, and unless the private and public interest factors strongly weigh in favor of a transfer, the plaintiff's choice of forum will rarely be disturbed. *Evans*, 275 Ill. App. 3d at 295, 655 N.E.2d at 1019. However, where the plaintiff is not a resident of the chosen forum, the plaintiff's choice deserves less deference. *Evans*, 275 Ill. App. 3d at 295, 655 N.E.2d at 1019; *Kwasniewski*, 153 Ill. 2d at 553, 607 N.E.2d at 216; *Washington*, 144 Ill. 2d at 400, 581 N.E.2d at 646. As the Supreme Court explained in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266 (1981), "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable." Instead, it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules. *Guerine*, 198 Ill. 2d at 521, 764 N.E.2d at 60 (finding that a concern animating our *forum non conveniens* jurisprudence is the curtailment of forum shopping by plaintiffs).

With respect to the private interest factors in this case, the majority of occurrence witnesses identified in the uncontradicted affidavit, all of whom are busy professionals, reside or work in Du Page County. Even though Cook and Du Page Counties are contiguous, trial in Du Page County would increase the convenience to those witnesses by significantly shortening their travel time to any court proceedings that they may be required to attend. By the same token, the increased convenience to those witnesses would also increase the parties' convenience by making those witnesses more readily available to testify in court. The proximity of the witnesses to the trial would help alleviate any potential delays occasioned by their failure to arrive in court at the appointed hour. Moreover, since the remaining three witnesses, Stickler, Hendrix and Cowles, are Iowa residents, they are also closer in proximity to Du Page County than to Cook County. Significantly, plaintiff did not identify any potential witnesses residing in Cook County.

The record is devoid of facts relating to the location of sources of proof, such as police reports or medical reports. However, it stands to

reason that the location of the sources of proof and the location of the witnesses is one and the same. There is no question that the reports written by the officers of the Addison police department are either kept in the department or in its vicinity. Likewise, the medical reports from Good Samaritan Hospital and from Dr. Louis of Hinsdale Orthopaedics are most likely kept on sight, which consequently is in Du Page County. Although we agree with the trial court that there is no showing of an obstruction of access to the sources of proof in Cook County, that obstruction need not be established. Defendants need only show that the evidence can be more conveniently produced in the transferee forum, as compared to the transferor forum. See *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514, 301 N.E.2d 729, 731 (1973); see *Bland*, 116 Ill. 2d at 223, 506 N.E.2d at 1292 (stating that the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient).

In addition to the increased convenience of conducting the trial close to where the majority of the witnesses are located, plaintiff's injury occurred on train tracks located within Du Page County. If, during trial, the trier of fact determined that it should view the accident sight, such a viewing would be accomplished more expeditiously from the Du Page County courthouse rather than from the Cook County courthouse. The possibility of having a jury view the accident scene is an important consideration in ruling on a *forum non conveniens* motion. *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 80, 457 N.E.2d 417, 420 (1983). As pointed out above, plaintiff alleges that the train crew was negligent in failing to see him lying on the train track and failing to engage the emergency brake in a timely manner. Accordingly, it could be important for the jury to understand what was visible to the crew as they approached the location of the accident to determine whether the crew was negligent.[1]

Nevertheless, relying on *Griffith*, 136 Ill. 2d 101, 554 N.E.2d 209, the trial court concluded that because the courthouse in Cook County is so close to the courthouse in Du Page County, it was unlikely that a trial in Cook County would be more costly and inconvenient than a trial in Du Page County. The reliance on *Griffith* was wholly misplaced. That case involved a crash in Du Page County of an airplane that had taken off from Meigs Field in Chicago. The crash occurred just minutes

---

[1]Although the trial court's denial of the motion for *forum non conveniens* stated that defendants did not argue this point, defendants did in fact argue that, due to the nature of the accident, it would be helpful for the jury to view the accident scene. This argument was made initially in defendants' memorandum in support of the motion to transfer and then again on appeal.

after leaving Meigs Field. Thus, Cook County was the last place the airplane was on the ground and the last place the plane was inspected before the crash occurred. Further, the passengers were all residents of Florida and the witnesses were scattered among many forums, including Cook County, where the suit had been brought. In affirming the trial court's decision to deny the defendants' *forum non conveniens* motion, the supreme court did consider as a factor the distance between Du Page and Cook Counties. However, the court noted that "mileage is but one indication of convenience," and proceeded to discuss various other private interest and public interest factors which, based upon the facts of that case, made Cook County as convenient a forum as Du Page County. *Griffith*, 136 Ill. 2d at 113, 554 N.E.2d at 218. In contrast to *Griffith*, the private and public interest factors in this case all favor trial in Du Page County and mileage alone cannot tip the scales in favor of Cook County.

Furthermore, the trial court's conclusion here that Du Page is too close to Cook County to warrant a transfer is inconsistent with the supreme court's decision in *Bland*, 116 Ill. 2d 217, 506 N.E.2d 1291. There, the trial court, like the trial court here, denied the defendant's motion to transfer because the transferee forum (Macon County) was "too close" to the transferor forum (Madison County). *Bland*, 116 Ill. 2d at 222, 506 N.E.2d at 1292. The Illinois Supreme Court reversed the trial court's decision, holding:

> "Too, we do not believe that the circuit court's seeming emphasis on distance ('too close') is proper on this *forum non conveniens* motion. Mileage is but one factor of convenience. 'If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable.' " *Bland*, 116 Ill. 2d at 227, 506 N.E.2d at 1296, quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50, 70 L. Ed. 2d 419, 432, 102 S. Ct. 252, 263 (1981).

See also *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 499, 490 N.E.2d 694, 696 (1986); *Satkowiak v. Chesapeake & Ohio Ry. Co.*, 106 Ill. 2d 224, 228, 478 N.E.2d 370, 371 (1985).

Public interest factors also favor transfer to Du Page County. Of great importance is the effect this trial will have upon the Cook County courts and community that will be burdened financially and otherwise in furnishing a forum for this litigation. The public interest requires that causes which are without significant factual connections to particular forums be transferred to convenient forums to insure that those jurisdictions are not unfairly burdened with litigation in which they have no interest or connection. *Satkowiak*, 106 Ill. 2d at 231-32, 478 N.E.2d at 373-74; *Foster v. Chicago & North Western Transporta-*

*tion Co.*, 102 Ill. 2d 378, 384, 466 N.E.2d 198, 200 (1984). As our supreme court commented in *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 121, 427 N.E.2d 111, 116 (1981): "Courts generally have a shared concern 'in protecting finite judicial resources' and the efficient functioning of their judicial systems, so that they are not impeded by nonresident litigation to the extent that their availability to local citizens is impaired or diminished."

Any connection between this litigation and Cook County established by the mere presence of railroad tracks in Cook County and defendants' conducting business in Cook County, although sufficient to fix venue, are not significant factors for *forum non conveniens* purposes. " 'A *forum non conveniens* motion \*\*\* causes a court to look beyond the criterion of venue.' " (Emphasis omitted.) *Vinson v. Allstate*, 144 Ill. 2d 306, 311, 579 N.E.2d 857, 859-60 (1991), quoting *Bland*, 116 Ill. 2d at 226. " '[M]erely conducting business in [a given county] does not affect the *forum non conveniens* issue \*\*\*.' " *Vinson*, 144 Ill. 2d at 311, 579 N.E.2d at 859-60, quoting *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 529 (1991); accord *Franklin v. FMC Corp.*, 150 Ill. App. 3d 343, 347-48, 501 N.E.2d 887, 889-90 (1986) (finding the presence of a registered agent, and office or a place of business to be insubstantial links for a *forum non conveniens* analysis). In fact, this court has recently held that the selected forum does not constitute the proper forum merely because the defendant does business there. *Lambert v. Goodyear Tire & Rubber Co.*, 332 Ill. App. 3d 373, 382, 773 N.E.2d 133, 140 (2002).

Conversely, unlike the residents of Cook County, the residents of Du Page County have a strong connection with and interest in this action. Plaintiff's injury occurred at railroad tracks located within their county. If those tracks are deemed unsafe, other Du Page County residents may be harmed. Thus, the interest of Du Page County in ensuring safety at local railroad tracks would strongly militate in favor of transferring this action to that county.

In addition, the trial court conceded that the circuit court of Cook County is more congested than Du Page County courts. Statistics bear this out. Our supreme court has found the annual report of the Administrative Office of Illinois Courts to be a proper source to consider when assessing relative court congestion. See *Washington*, 144 Ill. 2d at 403. The edition of that publication for the year 2000 is provided to us by defendants. However, the trial court cites, in its order denying the motion to transfer, the edition of that publication for the year 2001. As detailed above, the 2001 statistics show that Cook County decided more than 10 times the number of cases as decided in Du Page County in that year. Further, the publication

reveals that in actions in excess of $50,000, the average time lapse between filing and verdict was 38.1 months in Cook County and 28.2 months, almost one year less, in Du Page County.

Fixing venue in such a county where there may be a more favorable outcome to plaintiffs, but no *bona fide* connection to the lawsuit, does not reinforce the principles of *forum non conveniens*. Instead, it perverts them. Therefore, given the weight of the private interest factors in this case, which overwhelmingly favors Du Page County, the weight of the public interest factors, which also appreciably favors that county, and the fact that the deference to be given to the plaintiff's choice of Cook County is reduced because he does not reside there, the facts as gleaned from the movants' submission would well warrant a transfer to Du Page County.

Accordingly, if the allegations in the movants' motion and supporting affidavit are taken as true, they set forth a sufficient basis to compel transfer. However, since under the facts of this case, the trial court discouraged plaintiff from filing any counteraffidavit through its own preemptive action, which under these circumstances we find to have been unwarranted, we remand this matter to the trial court to permit plaintiff to file a counteraffidavit, if he so chooses, to add to, negate or modify any material assertions of fact contained in the movants' submissions before any final disposition of defendants' motion to transfer is reached by the trial court.

## CONCLUSION

For these reasons, the judgment of the trial court is reversed and remanded for proceedings consistent with this order.

Reversed and remanded with directions.

O'MALLEY, P.J., and McNULTY, J., concur.