Rule 23 order filed
August 20, 2010;
Motion to publish granted
September 15, 2010, corrected
October 8, 2010.

NO. 5-09-0043

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| CLAUDIOUS LAVERTY, Individually and as Special Administrator of the Estate of Thomas R. Laverty, Deceased, | ) Appeal from the ) Circuit Court of ) Madison County. ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 07-L-1036 |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Defendant-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| A.W. CHESTERTON, INC., ABEX CORPORATION, ALCO LOCOMOTIVE, INC., AMERICAN STANDARD, INC., AMETEK, INC., AQUA-CHEM, INC., BALDWIN LOCOMOTIVE SECURITIES CORPORATION, BEAZER EAST, INC., BONDEX INTERNATIONAL, INC., BORG-WARNER CORPORATION, BUDD COMPANY, CATERPILLAR, INC., CERTAIN-TEED CORPORATION, CONTINENTAL TEVES, INC., DAIMLER CHRYSLER CORPORATION, ENPRO INDUSTRIES, INC., FLEXO SUPPLY COMPANY, FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION, GARLOCK, INC., GENERAL ELECTRIC COMPANY, GENERAL MOTORS CORPORATION, GEORGIA-PACIFIC CORPORATION, GOODRICH CORPORATION, GOODYEAR TIRE & RUBBER COMPANY, GRIFFIN WHEEL COMPANY, HONEYWELL INTERNATIONAL, INC., INDUSTRIAL HOLDINGS CORPORATION, INGERSOLL-RAND COMPANY, J.P. BUSHNELL PACKING, JOHN CRANE, INC., METROPOLITAN LIFE INSURANCE COMPANY, MINNESOTA MINING & MANUFACTURING COMPANY, NEW YORK AIR BRAKE CORPORATION, OWENS-ILLINOIS, INC., PECORA CORPORATION, RAILROAD FRICTION PRODUCTS CORPORATION, RAPID-AMERICAN CORPORATION, RILEY STOKER CORPORATION, ROCKWELL AUTOMATION, INC., RPM, INC., SPRINKMANN SONS CORPORATION OF ILLINOIS, SPRINKMANN SONS CORPORATION, T.H. AGRICULTURE & NUTRITION, L.L.C., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

1

UNION CARBIDE CORPORATION, VIACOM, INC., YOUNG GROUP LTD., and YOUNG INSULATIONAL GROUP OF ST. LOUIS, INC.,

Defendants.

) 
) 
) Honorable
) Daniel J. Stack,
) Judge, presiding.

_____

JUSTICE WEXSTTEN delivered the opinion of the court:

The plaintiff, Claudious Laverty, individually and as the administrator of the estate of her deceased husband, Thomas R. Laverty, filed a complaint in the circuit court of Madison County against CSX Transportation, Inc. (CSX Transportation), and other defendants, for willful and wanton conduct and negligence pursuant to the Federal Employers' Liability Act (FELA) (45 U.S.C. §51 *et seq.* (2000)). CSX Transportation appeals the circuit court's order denying its motion to dismiss on the grounds of *forum non conveniens.* We reverse and remand with directions.

FACTS

In counts I, II, and VIII of her complaint, filed on December 4, 2007, the plaintiff requested that a judgment be entered against CSX Transportation. The plaintiff alleged that, during the course of Thomas's employment with CSX Transportation, he was exposed to and inhaled, ingested, and absorbed asbestos fibers, causing his death from mesothelioma in November 2007.

The plaintiff is a resident of Texas. Thomas also resided in Texas when he died and had previously lived in Michigan and Ohio. Neither the plaintiff nor Thomas ever resided in Illinois. Thomas was employed from 1940 through 1942 and from 1945 through 1979 as a railway fireman and engineer. In 1940, Thomas began working for Pere Marquette Railroad in Michigan and was so employed in 1947, when the Chesapeake & Ohio Railway purchased the Pere Marquette Railroad. The Chesapeake & Ohio Railway operated from 1869 until 1980, at which time it merged with Seaboard Coast Line Industries to become CSX Transportation.

2

The record reveals that Thomas's surviving family members, who witnessed his suffering and damages, reside in Texas and that approximately 20 of Thomas's treating physicians, who treated him after he retired from the railroad and developed mesothelioma, are located in Texas. It also reveals that Thomas worked in Ohio and Michigan, that his railroad work was concentrated in and around Saginaw, Michigan, and that, during his railroad career, he received medical care from Dr. H.E. Mayne and Dr. William Underhill in Michigan. He was never treated by a doctor in Illinois.

On February 27, 2008, CSX Transportation filed a motion to dismiss counts I, II, and VIII of the plaintiff's complaint on the basis of *forum non conveniens*. In its motion, CSX Transportation argued that Thomas worked for the Pere Marquette Railroad and the Chesapeake & Ohio Railway from Saginaw, Michigan, and not from any location in Illinois. CSX Transportation argued that neither the Pere Marquette Railroad nor the Chesapeake & Ohio Railway operated tracks in Illinois but had only limited trackage rights running to Chicago, Illinois, from Michigan or Indiana. CSX Transportation argued that no witnesses and no treating physicians were located in Illinois.

CSX Transportation also argued that Thomas's alleged exposure as a railroad employee would have occurred primarily in Michigan, that Thomas received medical care in Michigan, and that the manager of field investigations, Raymond Sheahan III, was also located in Michigan. CSX Transportation argued that it would be inconvenient for it to defend the lawsuit in Madison County, Illinois, because the investigation of the plaintiff's claims would occur in Michigan, the primary location of the alleged exposure, and because all the identified medical-provider and coworker witnesses were located outside of Illinois.

On January 8, 2009, at the hearing on CSX Transportation's motion to dismiss on the basis of interstate *forum non conveniens*, the plaintiff conceded that no witnesses were located in Illinois and that Thomas had not been exposed to asbestos in Illinois. As of the

date of the hearing, 35 of the 38 codefendants who had entered their appearances in the case had filed *forum non conveniens* motions. On January 9, 2009, the circuit court denied CSX Transportation's motion to dismiss. On March 11, 2009, this court granted CSX Transportation's timely petition for leave to appeal the circuit court's order.

ANALYSIS

CSX Transportation argues that the circuit court improperly denied its motions to dismiss based on *forum non conveniens*. The defendant argues that the state of Illinois has no connection to this litigation and that the facts warrant a dismissal of this case for refiling in Michigan. We agree.

The Illinois venue statute provides that an "action must be commenced (1) in the county of residence of any defendant who is joined in good faith and with probable cause for the purpose of obtaining a judgment against him or her and not solely for the purpose of fixing venue in that county[] or (2) in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2006). Where, as here, more than one potential forum exists, the court may invoke the doctrine of *forum non conveniens* to determine the most appropriate forum. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 171 (2003).

"*Forum non conveniens* is an equitable doctrine 'founded in considerations of fundamental fairness and sensible and effective judicial administration' [citation] [and] allows a [circuit] court to decline jurisdiction in the exceptional case where trial in another forum with proper jurisdiction and venue 'would better serve the ends of justice' [citation]." *First American Bank v. Guerine*, 198 Ill. 2d 511, 515 (2002). The trial court is vested with considerable discretion in determining whether to grant a *forum non conveniens* motion. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336 (1994). We will reverse the trial court's decision only if the court abused its discretion, *i.e.*, if it acted arbitrarily, failed to employ

4

conscientious judgment, or ignored recognized principles of law. *Peile*, 163 Ill. 2d at 336; *Roberts v. Illinois Power Co.*, 311 Ill. App. 3d 458, 461 (2000).

The rationale underlying the doctrine of *forum non conveniens* "is as valid on an intrastate [basis] as it is on an interstate basis." *Torres v. Walsh*, 98 Ill. 2d 338, 350 (1983). "A plaintiff's 'home forum' for purposes of an interstate *forum non conveniens* motion is the plaintiff's home State." *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 553 (1992). Thus, in addressing the issue of interstate *forum non conveniens*, we focus our inquiry on whether Illinois is the appropriate state to litigate the controversy. *Kwasniewski*, 153 Ill. 2d at 553; *McGinty v. Norfolk Southern Ry Co.*, 362 Ill. App. 3d 934, 937 (2005).

In resolving *forum non conveniens* questions, the trial court must balance private-interest factors affecting the convenience of the parties and public-interest factors affecting the administration of the court. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 223-24 (1987). Private-interest factors include the convenience of the parties, the relative ease of access to sources of testimonial, documentary, and real evidence, and all other practical considerations that make the trial of a case easy, expeditious, and inexpensive–for example, the availability of compulsory process to secure the attendance of unwilling witnesses, the cost to obtain the attendance of willing witnesses, and the ability to view the premises, if appropriate. *Guerine*, 198 Ill. 2d at 516; *Peile*, 163 Ill. 2d at 337. Public-interest factors include having localized controversies decided in the local forum, administrative concerns, including the congestion of court dockets, and the imposition of jury duty upon residents of a county or state with little connection to the litigation. *Peile*, 163 Ill. 2d at 337. We recognize that convenience, the touchstone of the *forum non conveniens* doctrine, has a different meaning today because "we are connected by interstate highways, bustling airways, telecommunications, and the world wide web." *Guerine*, 198 Ill. 2d at 525.

"The doctrine of *forum non conveniens* is a flexible one[,] which requires evaluation

5

of the total circumstances rather than concentration on any single factor." *Peile*, 163 Ill. 2d at 336-37. To warrant disturbing the plaintiff's choice, the burden is on the defendant to show that relevant private- and public-interest factors strongly favor the defendant's choice of forum. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444 (2006).

We give deference to the plaintiff's choice of forum because "[a] plaintiff's right to select the forum is substantial." *Dawdy*, 207 Ill. 2d at 173. The plaintiff's choice of forum, however, is not entitled to the same weight in all cases. *Dawdy*, 207 Ill. 2d at 173. When the plaintiff chooses his home forum or the site of the accident or injury, it is reasonable to assume that this choice is convenient because the litigation has the aspect of being decided at home. *Dawdy*, 207 Ill. 2d at 173. A nonresident plaintiff's choice deserves less deference. *Dawdy*, 207 Ill. 2d at 174.

In the present case, the plaintiff is a resident of Texas, and Thomas had been a resident of Texas, Ohio, and Michigan. Neither the plaintiff nor the decedent had ever been a resident of Illinois, and as conceded by the plaintiff, Thomas had not been exposed to asbestos in Illinois. Accordingly, the plaintiff's choice of forum deserves less deference.

In addressing the private-interest factors affecting the convenience of the parties, we note again that the site of exposure was not in Illinois. The plaintiff conceded that no witness is located in Illinois. The plaintiff also concedes that Thomas was exposed to asbestos in Saginaw, Michigan, and that coworker and medical-provider witnesses are located in Michigan. Specifically, the record reveals that Thomas received medical care during his railroad career from Dr. H.E. Mayne and Dr. William Underhill in Michigan and that CSX Transportation identified Raymond Sheahan III, who is also located in Michigan, as an employee witness with knowledge of the history and territory of the Pere Marquette Railroad and the Chesapeake & Ohio Railway. Leo Norman, Thomas's coworker, also resides in Michigan. The record reveals that additional medical providers are located in

6

Texas. As noted by CSX Transportation, these out-of-state witnesses are not subject to the subpoena power of the Illinois courts.

The possibility of having the jury view the accident site is an important consideration in ruling on a *forum non conveniens* motion. *Dawdy*, 207 Ill. 2d at 179. "This convenience factor is not concerned with the *necessity* of viewing the site of the injury[] but rather is concerned with the *possibility* of viewing the site, if appropriate." (Emphasis in original.) *Dawdy*, 207 Ill. 2d at 178. Here, if the circuit court determines that viewing the accident site is appropriate, the exposure did not occur in Illinois. It would be irrational for a jury composed of Madison County, Illinois, residents to travel outside of Illinois to view the injury site. See *Dawdy*, 207 Ill. 2d at 179. Such a viewing arguably could be accomplished more expeditiously if the case were tried in Saginaw, Michigan. See *Dawdy*, 207 Ill. 2d at 179.

The plaintiff argues that CSX Transportation is not inconvenienced because it maintains offices and trackage rights in Illinois. However, any connection between this litigation and Illinois that is established by CSX Transportation traveling through and conducting business in Illinois, although sufficient to fix venue, is not a significant factor for *forum non conveniens* purposes. See *Dawdy*, 207 Ill. 2d at 182; *Botello v. Illinois Central R.R. Co.*, 348 Ill. App. 3d 445, 459 (2004) (a *forum non conveniens* motion causes a court to look beyond the criterion of venue).

The plaintiff also argues that because only one of the defendants has sought a transfer to Michigan, the circuit court properly refused to grant CSX Transportation's motion to dismiss. However, the record clearly reveals that, at the time of the hearing on CSX Transportation's motion to dismiss, almost all the defendants that had entered appearances at that time filed motions to dismiss arguing, *inter alia*, that the cause should be dismissed or transferred pursuant to the doctrine of *forum non conveniens*. We reject the plaintiff's

7

argument.

At the hearing on the motion to dismiss, the plaintiff conceded that no witnesses were located in Illinois. On appeal, the plaintiff suggests that she might have later identified an expert witness who is located in Illinois. Upon appellate review, the appellant may only refer to the record as it existed at the time the trial court ruled. See *Rayner Covering Systems, Inc. v. Danvers Farmers Elevator Co.*, 226 Ill. App. 3d 507, 509-10 (1992). Even so, a plan to employ an expert witness located in a desired forum should be given little, if any, consideration in a *forum non conveniens* analysis, since the plaintiff would thus be able to circumvent the doctrine to select an inconvenient forum. See *Bland*, 116 Ill. 2d at 227; *DeVries v. Bankers Life Co.*, 128 Ill. App. 3d 647, 652-53 (1984).

Because the plaintiff resides outside of Illinois, the decedent resided outside of Illinois, the alleged exposure occurred outside of Illinois, the identified witnesses, including the treating physicians, are outside of Illinois and are not subject to Illinois subpoenas, and a jury view of the injury site would occur outside of Illinois, the private-interest factors weigh heavily in favor of a dismissal.

Again, "[t]he relevant public[-]interest factors include: the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a county [or state] with no connection to the litigation; and the interest in having local controversies decided locally." *Dawdy*, 207 Ill. 2d at 173.

The Annual Report of the Administrative Office of the Illinois Courts (Annual Report) is a proper reference in assessing court congestion (see *Dawdy*, 207 Ill. 2d at 181). The Annual Report reveals that the total civil cases pending in Madison County, Illinois, in 2007 equaled 15,709, including 2,194 jury actions seeking damages in excess of $50,000. In contrast, the statistics for the Tenth Judicial Circuit Court of Saginaw County, Michigan,

8

indicate that the total civil cases pending in Saginaw County, Michigan, in 2007 equaled 780.

This case involves asbestos product liability, which, by its nature, is not a localized controversy. The exposure did not occur in Illinois, and the plaintiff and Thomas were at no time residents of Illinois. Accordingly, the residents of Illinois should not be burdened with jury duty given the fact that the action did not arise in, and has no relation to, their state. See *Dawdy*, 207 Ill. 2d at 183.

The public interest requires that causes that are without significant factual connections to particular forums be litigated in convenient forums to ensure that jurisdictions are not unfairly burdened with litigation in which they have no interest or connection. See *Botello*, 348 Ill. App. 3d at 458. Here, Illinois has little or no interest in trying the action of a nonresident whose claim arose outside of Illinois. See *Dawdy*, 207 Ill. 2d at 183. The courts have a responsibility to protect finite judicial resources and the efficient functioning of their judicial systems so that they are not impeded by nonresident litigation to the extent that their availability to local citizens is diminished. See *Botello*, 348 Ill. App. 3d at 459 (relying on *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 121 (1981)). The public-interest factors strongly favor a dismissal.

We find this case similar to *McGinty*, 362 Ill. App. 3d at 939-40. In *McGinty*, the railway company appealed to this court from the denial of its motion to dismiss on the grounds of interstate *forum non conveniens*. The plaintiff alleged repetitive-trauma injuries to his body and filed his claim pursuant to the FELA (45 U.S.C. §51 *et seq.* (2000)). The plaintiff in *McGinty* at no time lived in Madison County or anywhere else in Illinois. Although the plaintiff in *McGinty* worked at least some period of time in Madison County, Illinois, and argued, therefore, that some part of his repetitive injury occurred in Madison County, Illinois, this court rejected the plaintiff's argument, affording him only slight deference to his choice of forum on the basis of the injury situs. *McGinty*, 362 Ill. App. 3d

9

at 939. This court held that because neither party had any witnesses or sources of proof located in Madison County, Illinois, there was no ease of access to witnesses and the cost to bring them to a trial in Madison County, Illinois, would be quite high. *McGinty*, 362 Ill. App. 3d at 939. This court also held that merely occasionally working in Madison County, Illinois, does not vest the citizens of Madison County, Illinois, with more than a modest interest in the controversy's outcome. *McGinty*, 362 Ill. App. 3d at 940. This court concluded that the circuit court abused its discretion in denying the *forum non conveniens* motion to dismiss and reversed the decision in favor of a dismissal and a trial in Jackson County, Missouri. *McGinty*, 362 Ill. App. 3d at 940.

Like *McGinty*, a dismissal here is appropriate. Although venue is proper in Madison County, Illinois, because CSX Transportation conducts business in Madison County, Illinois, the plaintiff conceded at the hearing that no witnesses were located in Illinois; thus, the ease of access to witnesses and the cost to bring them to a trial in Illinois would be quite high. See *McGinty*, 362 Ill. App. 3d at 939. Like *McGinty*, neither the plaintiff nor the decedent was ever a resident of Illinois. Indeed, the circumstances supporting a dismissal in the present case are even stronger than in *McGinty* because the plaintiff here has conceded that no part of Thomas's injury occurred in Illinois.

Accordingly, applying the *forum non conveniens* factors to this case, we find that the circuit court abused its discretion in denying CSX Transportation's motion to dismiss this cause on the basis of *forum non conveniens*. We cannot ignore the supreme court's comments in *Espinosa*:

"Given the circumstances of this case involving a plaintiff residing and an accident occurring hundreds of miles from Madison County, witnesses, none of whom are subject to Illinois subpoenas and all but one of whom also live hundreds of miles from the trial site, the availability of the Michigan courts and process, the additional

10

expense to defendant[,] and the added burden upon Madison County courts and personnel, we have no doubt that denial of a motion to dismiss upon *forum non conveniens* grounds would constitute an abuse of discretion." *Espinosa*, 86 Ill. 2d at 124-25.

Illinois has no connection to this case–the parties are not located here, the alleged exposure did not occur here, and the witnesses are not located here. The record strongly indicates that a trial in Michigan would better serve the convenience of the parties and the ends of justice. See *Dawdy*, 207 Ill. 2d at 177. We reverse the circuit court's order and remand the cause with directions to dismiss the action upon the conditions enumerated in Supreme Court Rule 187(c)(2) (134 Ill. 2d R. 187(c)(2) (a dismissal of an action under the doctrine of *forum non conveniens* shall be upon the conditions that the defendant accept service of process from the other forum and waive a statute-of-limitations defense)).

CONCLUSION

For the foregoing reasons, we reverse the judgment of the circuit court of Madison County denying CSX Transportation's motion to dismiss on the grounds of *forum non conveniens*, and we remand the cause to the circuit court with directions to the circuit court to dismiss counts I, II, and VIII of the plaintiff's complaint.


Reversed; cause remanded with directions.


WELCH, J., concurs.


PRESIDING JUSTICE GOLDENHERSH, dissenting:

I respectfully dissent. As noted by the majority in its reference to *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444 (2006), "To warrant disturbing the plaintiff's

choice, the burden is on the defendant to show that relevant private- and public-interest factors strongly favor the defendant's choice of forum" (slip op. at 6), and resolving that question "requires evaluation of the *total circumstances* rather than concentration on any single factor" (emphasis added) (*Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336-37 (1994)). The approach of defendant, however, adopted as the approach by the majority in its disposition, is a standard of showing substantial connection with Illinois and basing substantial reliance on this court's interpretation of *forum non conveniens* in *McGinty*. *McGinty*, however, does not choose an appropriate focus, as indicated by the Illinois Supreme Court and as pointed out in Justice Donovan's persuasive dissent.

The burden of a movant in a *forum non conveniens* motion is to meet the burden of showing that the alternative forum urged by the movant is substantially more convenient than that chosen by the plaintiff. Whether that plaintiff is choosing his or her home forum or an alternative forum, which choice is still given weight (admittedly less than if choosing one's home forum), it does not shift the burden that the movant must meet. The record in this case indicates that defendant CSX has failed to show that its choice of forum is substantially more convenient. Defendant CSX also attempts to mold the issue before this court in terms of whether *forum non conveniens* law applies to asbestos litigation in Madison County. This is setting up a straw man, because *forum non conveniens* jurisprudence, as with all other pronouncements of the supreme court, applies to all counties of the state of Illinois and all matters in litigation in its particular subject area. The real question in this case is whether defendant, the movant, has shown that the alternative forum is more convenient than that chosen by plaintiff, and the record indicates that defendant has not met that burden. Defendant also poses the jurisprudence on *forum non conveniens* as merely an affirmation of *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111 (1981). The subsequent supreme court cases of *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167 (2003), *First American Bank*

12

*v. Guerine*, 198 Ill. 2d 511 (2002), and *Langenhorst* are substantially more than merely affirmations of *Espinosa* and are not supportive of defendant's position.

Defendant CSX failed to meet its burden of proof as a movant in the circuit court of Madison County and has failed to argue persuasively its view of applicable *forum non conveniens* jurisprudence in Illinois. Accordingly, I would affirm the order of the circuit court of Madison County.

Since my colleagues have decided to reverse, I respectfully dissent.

NO. 5-09-0043
IN THE
APPELLATE COURT OF ILLINOIS
FIFTH DISTRICT

| | |
|---|---|
| CLAUDIOUS LAVERTY, Individually and as Special Administrator of the Estate of Thomas R. Laverty, Deceased, | ) Appeal from the ) Circuit Court of ) Madison County. )  |
| Plaintiff-Appellee, | ) ) |
| v. | ) No. 07-L-1036 ) |
| CSX TRANSPORTATION, INC., | ) ) |
| Defendant-Appellant, | ) ) |
| and | ) ) |
| A.W. CHESTERTON, INC., ABEX CORPORATION, ALCO LOCOMOTIVE, INC., AMERICAN STANDARD, INC., AMETEK, INC., AQUA-CHEM, INC., BALDWIN LOCOMOTIVE SECURITIES CORPORATION, BEAZER EAST, INC., BONDEX INTERNATIONAL, INC., BORG-WARNER CORPORATION, BUDD COMPANY, CATERPILLAR, INC., CERTAIN-TEED CORPORATION, CONTINENTAL TEVES, INC., DAIMLER CHRYSLER CORPORATION, ENPRO INDUSTRIES, INC., FLEXO SUPPLY COMPANY, FORD MOTOR COMPANY, FOSTER WHEELER ENERGY CORPORATION, GARLOCK, INC., GENERAL ELECTRIC COMPANY, GENERAL MOTORS CORPORATION, GEORGIA-PACIFIC CORPORATION, GOODRICH CORPORATION, GOODYEAR TIRE & RUBBER COMPANY, GRIFFIN WHEEL COMPANY, HONEYWELL INTERNATIONAL, INC., INDUSTRIAL HOLDINGS CORPORATION, INGERSOLL-RAND COMPANY, J.P. BUSHNELL PACKING, JOHN CRANE, INC., METROPOLITAN LIFE INSURANCE COMPANY, MINNESOTA MINING & MANUFACTURING COMPANY, NEW YORK AIR BRAKE CORPORATION, OWENS-ILLINOIS, INC., PECORA CORPORATION, RAILROAD FRICTION PRODUCTS CORPORATION, RAPID-AMERICAN CORPORATION, RILEY STOKER CORPORATION, ROCKWELL AUTOMATION, INC., RPM, INC., SPRINKMANN SONS CORPORATION OF ILLINOIS, SPRINKMANN SONS CORPORATION, T.H. AGRICULTURE & NUTRITION, L.L.C., UNION CARBIDE CORPORATION, VIACOM, INC., YOUNG GROUP LTD., and YOUNG INSULATIONAL GROUP OF ST. LOUIS, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Honorable ) Daniel J. Stack, |
| Defendants. | ) Judge, presiding. |

**Rule 23 Order Filed:**      August 20, 2010
**Motion to Publish Granted:**  September 15, 2010
**Opinion Filed:**       September 15, 2010

**Justices:** Honorable James M. Wexstten, J.

Honorable Thomas M. Welch, J.,
Concurring
Honorable Richard P. Goldenhersh, P.J.,
Dissenting

**Attorneys for Appellant**     Kurt E. Reitz, Erick E. VanDorn, Heath H. Hooks, Thompson Coburn, LLP, 525 West Main Street, P.O. Box 750, Belleville, IL 62222-0750

**Attorneys for Appellee**     Michael R. Bilbrey, Robert B. Ramsey, Law Offices of Michael R. Bilbrey, P.C., 8724 Pin Oak Road, Edwardsville, IL 62025