812 N.E.2d 522 (2004)
349 Ill.App.3d 596
285 Ill.Dec. 702
Diane ALLEE and Patrick Allee, Plaintiffs-Appellees,
v.
Jon Casey MYERS and Brenda S. Myers, Defendants-Appellants (Jerry D. Exum, Jr., Defendant).
No. 1-03-2072.
Appellate Court of Illinois, First District, Second Division.
June 22, 2004.
*524 Haynes, Studnicka, Kahan, O'Neill & Miller, LLC (Shimon B. Kahan, Alton C. *525 Haynes, Brian P. O'Neill, of counsel), Chicago, for Appellants.
Dudley & Lake (J. Matthew Dudley, of counsel), Libertyville, Law Offices of Robert G. Black (Robert G. Black, Christine Righeimer, of counsel), Naperville, for Appellees.
Justice BURKE delivered the opinion of the court:
Defendants Jon and Brenda Myers appeal from an order of the circuit court of Cook County denying their motion to transfer plaintiffs Diane and Patrick Allee's negligence action to Stephenson County on the basis of forum non conveniens.[1] On September 12, 2003, we granted defendants' petition for leave to appeal pursuant to Supreme Court Rule 306(a)(2). On appeal, defendants contend that the trial court abused its discretion in denying their motion to transfer because the private and public interest factors heavily weigh in favor of transferring this cause to Stephenson County. For the reasons set forth below, we reverse and remand with directions.

STATEMENT OF FACTS
On August 1, 2002, plaintiffs filed their negligence complaint against defendants and codefendant in Cook County. Plaintiffs alleged that defendants owned property located at 7 East Stephenson Street, Freeport, Illinois. Defendants leased the second floor to the Stephenson County Assault and Abuse Services. Diane was employed by this entity. Plaintiffs further alleged that defendants leased the third floor to codefendant, a twice-convicted felon. According to the complaint, on January 2, 2001, codefendant, armed with a weapon, abducted Diane from her office on the second floor and forced her to his third floor apartment where he repeatedly sexually assaulted her. Thereafter, with the weapon, codefendant forced Diane to accompany him to Chicago. Plaintiffs further alleged that on the evening of January 2, codefendant took Diane to the Lincoln Hotel in Chicago where he again repeatedly sexually assaulted her. Plaintiffs also alleged that defendants were negligent with respect to their premises in one or more of the following ways:
"a. Failed to notify tenants such as the Stephenson County Assault and Abuse Services that they had leased to a felon convicted of violent crimes such as [codefendant];
b. Failed to take reasonable precautions to warn tenants and others lawfully upon the premises of the Stephenson Street property they had actual knowledge of [codefendant's] violent criminal background;
c. Allowed a third floor tenant such as [codefendant] free access to the common areas of the second floor such as the Stephenson County Assault and Abuse Services;
d. Failed to inquire after entering into a rental agreement with [codefendant] failed to inquire with other tenants prior to January 2, 2001, regarding [codefendant's] activities or interactions with other tenants;
e. Failed to take any precautions whatsoever for the security of other tenants who worked at the premises after leasing to a known violent felon."
According to plaintiffs, as a proximate result of these negligent acts, Diane was *526 abducted at gunpoint by codefendant and repeatedly sexually assaulted in Freeport and Chicago.
On September 12, defendants filed an answer and a motion for change of venue to Stephenson County. On November 4, while the motion for change of venue was still pending, defendants filed a motion to transfer based on forum non conveniens. On November 13, plaintiffs filed their answers to interrogatories, in which they admitted that no Cook County law enforcement personnel investigated the sexual assault, no Cook County State's Attorney investigated the matter, Diane did not obtain any medical treatment in Cook County, and a criminal complaint was filed against codefendant in Stephenson County. Plaintiffs identified two witnesses from Cook County, one an employee of the Lincoln Hotel and another an employee of a pancake house in Chicago.
On March 26, 2003, defendants filed their memorandum in support of their motion for transfer based on forum non conveniens, arguing that the private and public interest factors strongly favored transfer of the cause to Stephenson County. On April 18, defendants filed their answers to venue interrogatories in which defendants stated that codefendant did not have a lease, codefendant did not fill out an application, and codefendant did not pay a security deposit. Defendants also admitted that Jon had accompanied codefendant to Chicago on December 22, 2000.
On May 15, plaintiffs filed their response to defendants' motion to transfer, arguing that Cook County had a significant connection to their lawsuit because the weapon used to abduct Diane was purchased in Chicago and there were four witnesses who would testify with respect to not only the purchase of the weapon, but in connection with the events that transpired in Chicago. On May 27, defendants filed their reply. On June 24, the trial court denied defendants' motion to transfer. This appeal followed.

ANALYSIS
Initially, we address an issue raised by defendants in their reply brief. Defendants argue that plaintiffs have misstated the facts and have included factual allegations that are not supported by the record. Specifically, plaintiffs assert that: (1) defendants rented the apartment to codefendant free of charge; (2) Jon traveled with codefendant to Chicago in violation of codefendant's parole; and (3) Jon traveled with codefendant to Chicago to purchase the weapon. According to defendants, none of these allegations are supported by the record and they are highly inflammatory and offensive. Although defendants acknowledge that, in their answers to interrogatories, Jon admitted traveling to Chicago one time with codefendant, there is nothing in the answers as to why the two traveled here, and specifically, nothing about obtaining a weapon. Defendants maintain that these facts should be stricken.
We agree with defendants. These facts appear only in plaintiffs' response to defendants' motion to transfer and were not contained in plaintiffs' complaint. Additionally, plaintiffs did not support these facts by affidavit or otherwise. As such, they are not properly before this court.
Under section 2-101 of the Code of Civil Procedure, venue lies "in the county of residence of any defendant who is joined in good faith" or "in the county in which the transaction or some part thereof occurred out of which the cause of action arose." 735 ILCS 5/2-101 (West 2000). When more than one potential forum exists, the equitable doctrine of forum non conveniens may be invoked to determine *527 the most appropriate forum. Dawdy v. Union Pacific R.R. Co., 207 Ill.2d 167, 171, 278 Ill.Dec. 92, 797 N.E.2d 687 (2003). Under this doctrine, "the court in which the action was filed [may] decline jurisdiction and direct the lawsuit to an alternative forum that the court determines can better serve the convenience of the parties and the ends of justice." Dawdy, 207 Ill.2d at 172, 278 Ill.Dec. 92, 797 N.E.2d 687. In ruling upon a forum non conveniens motion, the court must apply a balancing test of private and public interest factors to determine the appropriate forum. Dawdy, 207 Ill.2d at 172, 278 Ill.Dec. 92, 797 N.E.2d 687. Private interest factors include
"the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure attendance of unwilling witnesses; the cost to obtain attendance of unwilling witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive." Dawdy, 207 Ill.2d at 172, 278 Ill.Dec. 92, 797 N.E.2d 687.
The relevant public interest factors include
"the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin; the unfairness of imposing jury duty upon residents of a county with no connection to the litigation; and the interest in having local controversies decided locally." Dawdy, 207 Ill.2d at 173, 278 Ill.Dec. 92, 797 N.E.2d 687.
The trial court must "look at the totality of the circumstances in an effort to determine whether the defendant has proven the factors strongly favor transfer." Botello v. Illinois Central R.R. Co., 348 Ill.App.3d 445, 456, 284 Ill.Dec. 75, 809 N.E.2d 197 (2004).
In addition to the above factors, the trial court must "consider the plaintiff's substantial right to choose the forum in which to bring an action." Botello, 348 Ill.App.3d at 456, 284 Ill.Dec. 75, 809 N.E.2d 197. In this regard,
"[a] plaintiff's right to select the forum is substantial. Unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed." Dawdy, 207 Ill.2d at 173, 278 Ill.Dec. 92, 797 N.E.2d 687.
However, a plaintiff's choice of forum is not entitled to the same weight or consideration in every case. Rather, "`[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient.' [Citation.]" Dawdy, 207 Ill.2d at 173, 278 Ill.Dec. 92, 797 N.E.2d 687. Likewise, when the plaintiff chooses the forum in which the accident or injury occurred, "`the choice is convenient because the litigation has the aspect of being "decided at home."' [Citation.]" Dawdy, 207 Ill.2d at 173, 278 Ill.Dec. 92, 797 N.E.2d 687. Conversely, "`[w]hen the plaintiff is foreign, * * * th[e] assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference.' [Citation.]" Dawdy, 207 Ill.2d at 173-74, 278 Ill.Dec. 92, 797 N.E.2d 687. In this instance, "it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules." Botello, 348 Ill.App.3d at 456, 284 Ill.Dec. 75, 809 N.E.2d 197. See also Dawdy, 207 Ill.2d at 174, 278 Ill.Dec. 92, 797 N.E.2d 687; Certain Underwriters at Lloyd's, London v. Illinois Central R. Co., 329 Ill.App.3d 189, 196, 263 Ill.Dec. 698, 768 N.E.2d 779 (2002). The presumption favoring a plaintiff's choice is also diminished where the *528 injury did not occur in the chosen forum. Czarnecki v. Uno-Ven Co., 339 Ill.App.3d 504, 509, 274 Ill.Dec. 368, 791 N.E.2d 164 (2003).
"A defendant seeking transfer is not required to show that the plaintiff's choice of forum is inconvenient; rather, transfer is allowed where defendant's choice is the substantially more appropriate forum." Czarnecki, 339 Ill.App.3d at 508, 274 Ill.Dec. 368, 791 N.E.2d 164. Ultimately, the test is "whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by defendant." Dawdy, 207 Ill.2d at 176, 278 Ill.Dec. 92, 797 N.E.2d 687. The trial court's decision on a forum non conveniens motion lies within its sound discretion and we will not disturb that decision absent an abuse of discretion. Dawdy, 207 Ill.2d at 176, 278 Ill.Dec. 92, 797 N.E.2d 687. "An abuse of discretion will be found where no reasonable person would take the view adopted by the trial court." Dawdy, 207 Ill.2d at 177, 278 Ill.Dec. 92, 797 N.E.2d 687. In other words, we must determine if the trial court abused its discretion in balancing the relevant factors. Dawdy, 207 Ill.2d at 177, 278 Ill.Dec. 92, 797 N.E.2d 687.
Defendants contend that the trial court abused its discretion in denying their motion to transfer to Stephenson County because this case has no practical connection to Cook County. With respect to private factors, defendants maintain that Stephenson County is more convenient for both plaintiffs and defendants since both reside there. In this regard, defendants argue they live 1 mile from the Stephenson County courthouse, whereas the Daley Center is 113 miles from their home.[2] According to defendants, conducting a trial in Cook County will necessitate that both plaintiffs and defendants incur travel, lodging, and meal expenses, as well as being away from their families. Defendants further argue that the four investigating law enforcement officers are located in Stephenson County, as well as Diane's co-workers, who may possess relevant information with respect to defendants' alleged negligent conduct. Defendants further maintain there was no investigation of this matter in Cook County. Defendants also argue that in order to obtain evidence for trial, they may be forced to take evidence depositions of witnesses because the witnesses may not want to travel to Chicago, which could interfere with their trial strategy. Similarly, by being forced to present evidence through evidentiary depositions, the jury would not be able to evaluate the witnesses' credibility.
With respect to public interest factors, defendants maintain that Stephenson County has an interest in ensuring the safety of its residents and regulation of parties conducting business therein. According to defendants, although Diane was transported from Stephenson County to Cook County, the alleged tortious conduct on defendants' part, which is the basis of plaintiffs' complaint, occurred in Stephenson County and this is the conduct that will be evaluated by a jury in determining whether plaintiffs are entitled to damages. Defendants argue that it would be unfair to have Cook County jurors render this decision. Defendants further note that the congestion of the Cook County court is a factor.
Plaintiffs contend that the trial court did not abuse its discretion in refusing to transfer this cause to Stephenson County. *529 Plaintiffs maintain that defendants have not stated how the trial court abused its discretion; specifically, they have not demonstrated how no one would take the view adopted by the trial court. Plaintiffs further maintain that because Jon took defendant to Chicago to purchase the weapon later used in Diane's abduction, Cook County cannot be so inconvenient for defendants.[3] Plaintiffs further argue that defendants' reliance on the law enforcement officers' affidavits to support their contention that Stephenson County is more convenient is misplaced because it is purely speculative whether defendants would call them as witnesses and defendants failed to state how these witnesses would impact their defense. According to plaintiffs, these witnesses have little, if any connection, to the question of defendants' negligence. Plaintiffs maintain that all of the factors here, while considering plaintiffs' choice, do not so strongly favor a transfer to Stephenson County. Plaintiffs further argue that the weapon was purchased in Cook County, Jon took codefendant to Cook County to purchase the weapon, codefendant repeatedly assaulted Diane in Cook County, and there are witnesses in Cook County who will testify on plaintiffs' behalf. With respect to the relevant private factors, plaintiffs argue that codefendant is a resident of Will County and that it will not be inconvenient for him to have a trial in Cook County. In a similar vein, plaintiffs argue that the ease of access to Will County to take codefendant's deposition is equally split between Cook and Stephenson Counties, but this factor favors Cook County (plaintiffs do not state why). Plaintiffs further maintain that the ease of access to testimonial, documentary, and real evidence are also equally split between Stephenson and Cook Counties.
With respect to public interest factors, plaintiffs argue that Cook County has a strong interest in this proceeding because the weapon was purchased here and the assaults occurred here. According to plaintiffs, these factors establish a direct connection to Cook County. Plaintiffs further maintain that there has been no real showing, by empirical data, to establish congestion in the Cook County courts. According to plaintiffs, a citation to numbers alone is a red herring. Lastly, plaintiffs maintain that defense counsel is located in Cook County.
Two recent cases are instructive on this issue. In Dawdy, the defendant filed a motion to transfer the plaintiff's lawsuit from Madison County to Macoupin County, which the trial court denied and the appellate court affirmed. Dawdy, 207 Ill.2d at 169, 278 Ill.Dec. 92, 797 N.E.2d 687. The supreme court reversed, concluding that trial in Macoupin County "would better serve the convenience of the parties and the ends of justice." Dawdy, 207 Ill.2d at 177, 278 Ill.Dec. 92, 797 N.E.2d 687. In so holding, the court evaluated the following private and public interest factors. With respect to ease of access to the evidence, the court noted that the accident occurred in Macoupin County, 2 witnesses lived in Macoupin County, most of the 18 potential witnesses lived in counties nearer to Macoupin County than Madison, no potential witness lived in Madison County, 4 of the 10 medical witnesses lived in Macoupin County, and the rest of the medical witnesses lived in 2 different counties that were nearer to Macoupin County than Madison. Dawdy, 207 *530 Ill.2d at 178, 278 Ill.Dec. 92, 797 N.E.2d 687. The court concluded that
"[b]ecause the location of the accident is in Macoupin County, and the location of the identified witnesses are on a whole closer to Macoupin County than Madison County, these factors slightly weigh in favor of the convenience of Macoupin County over Madison County." Dawdy, 207 Ill.2d at 178, 278 Ill.Dec. 92, 797 N.E.2d 687.
The court then noted that another factor, the possibility of viewing the premises, was an important consideration and concluded that "it would be irrational for a jury composed of Madison County residents to travel to Macoupin County to view the accident scene." Dawdy, 207 Ill.2d at 179, 278 Ill.Dec. 92, 797 N.E.2d 687. With respect to the fact that the plaintiff's attorneys were located in Madison County, the supreme court stated that, while this was a relevant factor, "little weight should be accorded it." Dawdy, 207 Ill.2d at 179, 278 Ill.Dec. 92, 797 N.E.2d 687. The same was true with respect to mileage. Dawdy, 207 Ill.2d at 180, 278 Ill.Dec. 92, 797 N.E.2d 687. Ultimately, the Dawdy court concluded that the private factors favored transfer to Macoupin County. Dawdy, 207 Ill.2d at 180, 278 Ill.Dec. 92, 797 N.E.2d 687.
With respect to public interest factors, the court concluded that they "strongly weighed against Madison County as the appropriate forum in which the case should be tried." Dawdy, 207 Ill.2d at 181, 278 Ill.Dec. 92, 797 N.E.2d 687. As to congestion, the court noted that "by itself, [this factor] is relatively insignificant" and "is not sufficient to justify transfer of venue when none of the other relevant factors weigh strongly in favor of transfer." Dawdy, 207 Ill.2d at 181, 278 Ill.Dec. 92, 797 N.E.2d 687. However, the court further stated that "it is appropriate to consider the congested conditions of the docket in the plaintiff's chosen forum." Dawdy, 207 Ill.2d at 181, 278 Ill.Dec. 92, 797 N.E.2d 687. After reviewing the annual report of the Administrative Office of the Illinois Courts, the court found that the statistics demonstrated that Madison County's congestion was a great concern. Dawdy, 207 Ill.2d at 181, 278 Ill.Dec. 92, 797 N.E.2d 687. With respect to "local interest in local controversies," the court found that
"the accident occurred in Macoupin County and not Madison County. Neither plaintiff nor [the defendant] reside in Madison County. Although some of the witnesses may work in Madison County, there is little else connecting them to Madison County. Clearly, Madison County has little or no interest in trying the action of a nonresident whose claim arose in Macoupin County." Dawdy, 207 Ill.2d at 183, 278 Ill.Dec. 92, 797 N.E.2d 687.
Conversely, the Dawdy court found that
"Macoupin County has a strong connection with and interest in this action. In addition to [the defendant], some of the witnesses reside in Macoupin County. Most significantly, the fact that the accident occurred in Macoupin County gives the action a local interest." Dawdy, 207 Ill.2d at 181, 278 Ill.Dec. 92, 797 N.E.2d 687.
Lastly, with respect to jury duty, the court concluded "that the residents of Madison County should not be burdened with jury duty given the fact that the action did not arise in, and has no relation to, their county." Dawdy, 207 Ill.2d at 183, 278 Ill.Dec. 92, 797 N.E.2d 687. Specifically, the court stated that because the accident occurred in Macoupin County, this gave that county "a significant interest in the dispute and, therefore, it would not be unfair to burden the residents thereof with jury duty in this case." Dawdy, 207 Ill.2d at 183, 278 Ill. *531 Dec. 92, 797 N.E.2d 687. Ultimately, the Dawdy court concluded that "the weight of the private interests favor Macoupin County" and "[t]he weight of the public interest factors greatly favors Macoupin County." Dawdy, 207 Ill.2d at 184, 278 Ill.Dec. 92, 797 N.E.2d 687. The court further noted that "the deference to plaintiff's choice of Madison County is reduced because he does not reside there and the action did not arise there." Dawdy, 207 Ill.2d at 184, 278 Ill.Dec. 92, 797 N.E.2d 687. Accordingly, the Dawdy court concluded that the trial court had abused its discretion in denying the defendant's motion to transfer. Dawdy, 207 Ill.2d at 185, 278 Ill.Dec. 92, 797 N.E.2d 687.
Similarly, in Botello, the appellate court reversed the trial court's order denying the defendant's motion to transfer the plaintiff's lawsuit from Cook to DuPage County. In evaluating the private factors, the Botello court noted that the majority of occurrence witnesses were from DuPage County, all of whom were busy professionals. Botello, 348 Ill.App.3d at 456, 284 Ill.Dec. 75, 809 N.E.2d 197. According to the Botello court, a trial in DuPage County would increase the convenience to the witnesses by significantly shortening their travel times. Botello, 348 Ill.App.3d at 456, 284 Ill.Dec. 75, 809 N.E.2d 197. Also, because of the increased convenience to the witnesses, the convenience to the parties would increase by making the witnesses more readily available to testify in court. Botello, 348 Ill.App.3d at 456-57, 284 Ill.Dec. 75, 809 N.E.2d 197. The court then noted that the other three potential witnesses were Iowa residents, which was also closer to DuPage County. Botello, 348 Ill.App.3d at 457, 284 Ill.Dec. 75, 809 N.E.2d 197. It was significant to the Botello court that the plaintiff had not identified any witnesses from Cook County. Botello, 348 Ill.App.3d at 457, 284 Ill.Dec. 75, 809 N.E.2d 197. With respect to sources of proof, the court noted that although the record was devoid of any information in this regard, because the witnesses were in DuPage County, "it stands to reason that the location of the sources of proof and the location of witnesses is one and the same." Botello, 348 Ill.App.3d at 457, 284 Ill.Dec. 75, 809 N.E.2d 197. The Botello court next noted that the accident and injury occurred in DuPage County and, if it was necessary to view the site, it would be more expeditious to do so from the DuPage courthouse. Botello, 348 Ill.App.3d at 457, 284 Ill.Dec. 75, 809 N.E.2d 197.
With respect to public interest factors, the Botello court believed it was of great importance what effect a trial would have on the Cook County courts and community that would be burdened financially in furnishing a forum. Botello, 348 Ill.App.3d at 458-59, 284 Ill.Dec. 75, 809 N.E.2d 197. With respect to local interest, the Botello court concluded that if the train tracks on which the accident occurred were found to be unsafe, the residents of DuPage County would have a strong connection and interest in this finding. Botello, 348 Ill.App.3d at 459, 284 Ill.Dec. 75, 809 N.E.2d 197. Specifically, DuPage County had a strong interest in ensuring the safety of the tracks and its residents. Lastly, the Botello court noted that the Cook County courts are more congested. Botello, 348 Ill.App.3d at 459, 284 Ill.Dec. 75, 809 N.E.2d 197. The Botello court remanded the cause for additional proofs on the defendant's motion to transfer based on issues not relevant here. Botello, 348 Ill.App.3d at 460, 284 Ill.Dec. 75, 809 N.E.2d 197. See also Czarnecki, 339 Ill.App.3d at 509-11, 274 Ill.Dec. 368, 791 N.E.2d 164 (reversing the trial court's denial of the defendant's motion for transfer based on forum non conveniens where the private and public interest factors strongly favored *532 transfer from Cook County to Will County).
Applying the relevant factors to the instant case, we conclude that the trial court abused its discretion in denying defendants' motion to transfer this cause to Stephenson County. Although we acknowledge that plaintiffs have a right to choose the forum in which to bring their action, we nonetheless conclude, after considering the record, that the private and public interest factors weigh strongly in favor of transferring this case to Stephenson County.
The first private interest factor is convenience to the parties. Although plaintiffs focus on convenience with respect to codefendant, there is no evidence that codefendant's convenience is relevant because he has not filed an appearance in this case. With respect to having convenience to codefendant, for evidentiary deposition purposes, Cook County is closer to Will County. With respect to convenience of the parties who have appeared here, Stephenson County is clearly more convenient. Both plaintiffs and defendants reside there. Moreover, as defendants note, if the cause is tried in Chicago, both parties will incur travel, lodging, and meal expenses to participate in the trial and/or any other necessary proceedings. Accordingly, this factor weighs in favor of transfer.
With respect to the location of the incident, this arguably occurred in both Stephenson and Cook Counties because Diane was sexually assaulted in both counties. However, plaintiffs misplace the focus in this case, focusing upon the purchase of the weapon and the sexual assaults. The focus, however, is upon defendants' conduct in connection with the premises owned by defendants since that is the basis of plaintiffs' negligence claim against them. As such, and as defendants argue, codefendant's conduct after leaving the premises is essentially irrelevant to the issue in this case. Likewise, the fact that the gun was allegedly purchased in Cook County is irrelevant. There is no such allegation in plaintiffs' complaint and such conduct does not relate to defendants' alleged negligence. This factor, too, weighs in favor of transfer.
With respect to ease of testimonial, documentary, and real evidence, this factor also weighs in favor of transfer. Specifically, any potential witnesses with respect to the condition of the premises, particularly their safety, including other employees of the Stephenson County Sexual and Abuse Service, reside, or at least work, in Stephenson County. Although we acknowledge that in Dawdy and Botello, it was significant to the courts that no potential Madison County or Cook County, respectively, witnesses were identified by the plaintiffs, we do not find that fact dispositive or controlling here. Although plaintiffs identify four Cook County witnesses, they fail to include what facts those witnesses would testify to either in general or in any detail. However, it is a logical assumption that those witnesses' testimony would relate to codefendant's conduct, not defendants' conduct. Accordingly, even though plaintiffs identify four potential Cook County witnesses, this factor does not favor Cook County. We further note that, like the situation in Botello, conducting a trial in Stephenson County would shorten the witnesses' travel times and make them more readily available to the parties. This was a specific concern raised by defendants herepresentation of evidence through evidentiary depositions rather than live testimony.
Two additional private interest factors also favor transfer in this case. With respect to the possibility of viewing the premises, an important consideration, since there is such a possibility given the *533 nature of the claimed negligence, it would be irrational to require a Cook County jury to travel 113 miles to Stephenson County to view the premises. Similarly, with respect to plaintiffs' argument that defense counsel is located in Cook County, this factor is entitled to little weight. Dawdy, 207 Ill.2d at 179, 278 Ill.Dec. 92, 797 N.E.2d 687.
Lastly, with respect to plaintiffs' choice of forum, little deference should be given to this choice since plaintiffs are foreign and the actual conduct giving rise to this cause of action, defendants' alleged negligence in connection with their premises, did not arise in Cook County. The weight of the private interest factors thus strongly support transferring this cause to Stephenson County.
With respect to the public interest factors, although not entitled to substantial weight, the congestion of the Cook County courts is a great concern. The evidence offered by defendants in support of their motion to transfer demonstrated that in Stephenson County, in connection with jury demand cases in excess of $50,000, no new cases were filed in 2001, no cases were reinstated, one case was disposed of, and, at the end of 2001, only six cases were pending. Conversely, in Cook County, 13,523 new cases were filed in 2001, 1,604 were reinstated, 14,004 were disposed of, and at the end of the year, 20,893 cases remained pending. There is an appreciable difference in congestion and the record overwhelming shows that Stephenson County would resolve plaintiffs' case more quickly. With respect to plaintiffs' argument that citation to numbers alone is a red herring, we do not agree. First, plaintiffs cite no authority, nor make any coherent argument in this regard. Second, and more importantly, the numbers are certainly what other courts rely on in addressing the issue, including the Illinois Supreme Court. Dawdy, 207 Ill.2d at 181, 278 Ill.Dec. 92, 797 N.E.2d 687.
With respect to local interest, we find that Stephenson County has a strong connection to the issue presented here. Clearly, Stephenson County, and not Cook County, has an interest in the safety of its commercial buildings in connection with the safety of its residents. See Botello, 348 Ill.App.3d at 459, 284 Ill.Dec. 75, 809 N.E.2d 197. Cook County has no interest in the safety of Stephenson County residents or its buildings. Although plaintiffs argue that Cook County has a strong connection because the weapon used by codefendant was purchased here, again, this factor is essentially irrelevant to defendants' alleged negligence in reference to their property.
Lastly, with respect to jury duty, it would be unfair to burden Cook County jurors with determining whether defendants were negligent in connection with their Stephenson County premises since there is no relationship between that conduct and Cook County. The controversy here, defendants' alleged negligent maintenance of their premises, does not create a controversy for Cook County jurors. Thus, the public interest factors also strongly favor transfer to Stephenson County.
Accordingly, we find that both the private and public interest factors strongly favor transfer to Stephenson County and that the trial court abused its discretion in balancing the relevant factors and in denying defendants' motion to transfer based upon forum non conveniens.

CONCLUSION
For the reasons stated, we reverse the judgment of the circuit court of Cook County and remand this cause with directions *534 that the court transfer this cause to Stephenson County.
Reversed and remanded with directions.
WOLFSON, P.J., and GARCIA, J., concur.
NOTES
[1] Plaintiffs' complaint was also directed against defendant Jerry Exum. Exum is imprisoned and has not appeared in this action. This memorandum refers to him as codefendant and to Jon and Brenda Myers as defendants. The details of the claim against Exum are not set forth here.
[2] Defendants ask us to take judicial notice of this mileage. We do so since a reviewing court may take judicial notice of the distance between two or more locations. Dawdy, 207 Ill.2d at 177, 278 Ill.Dec. 92, 797 N.E.2d 687.
[3] Not only is this fact not of record, but plaintiffs' argument misses the mark. Simply because Jon traveled to Chicago on one occasion does not equate to a conclusion that travel to Chicago for trial and other proceedings would be convenient.