# Illinois Official Reports

## Appellate Court

---

### *Hale v. Odman*, 2018 IL App (1st) 180280

---

| | |
|---|---|
| Appellate Court Caption | WILLIAM B. HALE, as Independent Administrator of the Estate of Jordan Hale, Deceased, Plaintiff-Appellee, v. DAVID ODMAN and WELCH BROS., INC., Defendants-Appellants. |
| District & No. | First District, Second Division<br>Docket No. 1-18-0280 |
| Filed | September 11, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 17-L-2910; the Hon. John P. Callahan Jr., Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Andrew Seiber, Michael Resis, and Ellen L. Green, of SmithAmundsen LLC, of Chicago, for appellants.<br><br>Timothy J. Cavanagh, Michael J. Sorich, and Olwen L. Jaffee, of Cavanagh Law Group, of Chicago, for appellee. |
| Panel | JUSTICE HYMAN delivered the judgment of the court, with opinion. Presiding Justice Mason and Justice Pucinski concurred in the judgment and opinion. |

**OPINION**

¶ 1  Plaintiff William Hale, as administrator of the estate of his son Jordan Hale, filed a wrongful death action in Cook County alleging that defendant David Odman's negligence in driving a commercial truck caused the accident resulting in Jordan's death. The accident occurred in Kane County, one mile from the dividing line with Cook County. Both William and Odman reside in Kane County. Odman's employer, Welch Bros., Inc. (Welch Bros.), also is located in Kane County, along with most potential trial witnesses.

¶ 2  The trial court denied Odman's motion seeking transfer to Kane County. We allowed Odman's petition for leave to appeal under Illinois Supreme Court Rule 306(a)(2) (eff. July 1, 2017). We find the trial court abused its discretion in denying Odman's motion as the private and public factors, taken together and weighed, strongly favor transfer to Kane County.

¶ 3             BACKGROUND

¶ 4  While driving a commercial truck for Welch Bros. on a Kane County road, Odman, a Kane County resident, collided with a motorcycle operated by Jordan, also a Kane County resident. The accident took place one mile from the county line with Cook County. Kane County paramedics treated Jordan who was dead on arrival at a Kane County hospital. The Kane County coroner performed an autopsy.

¶ 5  Of the five witnesses to the accident, Karen Combs, Terry Combs, Jeffery DeLaere, and Jessica Varallo reside in Kane County, and David Peterson resides in Du Page County. Five members of the Kane County Sheriff's Department investigated along with one officer from the Illinois State Police Forensic Science Department, Sangamon County. A Cook County facility stored Jordan's motorcycle.

¶ 6  William, Jordan's father, acting as administrator for Jordan's estate, brought a wrongful death action against Odman and Welch Bros. alleging that Odman, as agent for Welch Bros., negligently caused Jordan's death. Odman moved to transfer venue based on *forum non conveniens*, arguing Kane County as the superior venue. William responded that Odman failed to establish the facts strongly favored transfer to Kane County.

¶ 7  Both parties submitted exhibits supporting their positions and identified almost 30 potential witnesses. DeLaere and Varallo, occurrence witnesses residing in Kane County, submitted affidavits stating that appearing for trial in Cook County would not inconvenience them. A paramedic and coroner, both Kane County residents, submitted similar affidavits. Odman produced counter-affidavits from DeLaere and Varallo stating they had not been told about Kane County as a potential venue and actually Kane County, not Cook County, was the more convenient courthouse.

¶ 8  William named family members and damages witnesses who may be called to testify: one family member resides in Kane County, two family members reside in Du Page County, and one is from Washington State. Three family members signed affidavits stating trial in Cook County would not be inconvenient. William also listed seven damages witnesses from Cook County; three share the surname Bernstein and the same address, and four share the surname Chimera and live together.

¶ 9    In addition, Odman and Welch Bros. listed three Welch Bros. employees who might be called to testify. Two employees reside in Kane County and one resides in McHenry County.

¶ 10    William, Odman, and Welch Bros. reside in Kane County. Welch Bros. has a main office and supply store in Kane County and owns property straddling both Cook and Kane Counties. The Kane County section contains a production plant and truck yard, and the Cook County section has as a concrete pipe production plant and employs 17. A fence surrounds the entire property. Welch Bros. pays both Kane County and Cook County property taxes. From 2013-2017, 41.8% of Welch Bros. business, which accounted for about half of its revenue, took place in Cook County.

¶ 11    Both William's and Odman's attorneys list Chicago addresses on court-filed documents. Odman's counsel also has a Kane County office in St. Charles.

¶ 12    In denying Odman's motion to transfer, the trial court reviewed the standard *forum non conveniens* analysis set out in *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 182 (2003).

¶ 13    On the private factors, the trial court found that the *first factor*, convenience of the parties, was *neutral*. The trial court presumed Cook County was more convenient for William because he filed here, but Odman claimed Kane County as more convenient for defendants, which, according to the trial court, made this factor a wash.

¶ 14    The *second factor*, relative ease of access to sources of testimonial, documentary, and real evidence, *slightly favored Kane County*. When evaluating access to testimonial evidence, most witnesses reside in Kane County, and the competing affidavits from two accident witnesses present "contradictory evidence on the issue of convenience." Since the two potential venues neighbor each other, "[t]rial in either venue would not be particularly convenient, or inconvenient, for any of the witnesses," Access to documentary evidence appeared neutral, and the location of real evidence, Jordan's motorcycle, favored Cook County. In all, the trial court concluded the second factor favored transfer to Kane County.

¶ 15    The *third factor*, availability of compulsory processes, was *neutral*. Compulsory processes are the same in both counties.

¶ 16    The *fourth factor*, cost of obtaining the testimony of willing witnesses, *favored Kane County*. The trial court accorded little weight to this factor, which favored Kane County due to less costly parking.

¶ 17    The *fifth factor*, possibility of viewing the premises, *favored Kane County*. Although the accident occurred in Kane County, the trial court accorded this factor little weight stating, "it is unlikely that viewing the highway intersection will be necessary. The accident involves the conduct of the truck driver and the motorcyclist, not the condition of the roadway."

¶ 18    Finally, the *sixth factor favored Cook County*. The fact that the attorneys had offices in Cook County was given little weight.

¶ 19    On the public interest factors, the trial court found the *first factor*, interest in deciding localized controversies locally, *favored Kane County*. Still, the trial court noted Cook County, "has a palpable interest in this matter, which involves a pipe manufacturing and supply company that does most of its business in Cook County."

¶ 20    The *second factor*, unfairness of imposing the expense of trial and burden of jury duty on residents of a county with little connection to the litigation, *favored Kane County*.

¶ 21　　　Finally, the *third factor*, administrative difficulties presented by adding further litigation to court docket in an already congested forum, *slightly favored Kane County*. In 2016, the average delay for cases in Cook County was 35 months, while the average delay in Kane County was 29.9 months.

¶ 22　　　On the whole, the factors favored Kane County; nevertheless, the trial court held Odman had not met the high standard for a defendant moving for transfer based on the *forum non conveniens* doctrine.

¶ 23　　　　　　　　　　　　　　　　ANALYSIS

¶ 24　　　　　　　　　　　　　　　Standard of Review

¶ 25　　　We review a determination of *forum non conveniens* for abuse of discretion. *Id.* at 177. "An abuse of discretion will be found where no reasonable person would take the view adopted by the trial court." *Id.*

¶ 26　　　　　　　　　　　　　　*Forum Non Conveniens*

¶ 27　　　Section 2-101 of the Code of Civil Procedure provides that venue is proper (1) in the county of residence of a defendant who is joined in good faith and with probable cause and not solely for fixing venue or (2) in the county in which occurred all or part of the transaction from which the cause of action arose. 735 ILCS 5/2-101 (West 2000). *Forum non conveniens*, an equitable doctrine, applies only in "the exceptional case where trial in another forum with proper jurisdiction and venue 'would better serve the ends of justice.' " *First American Bank v. Guerine*, 198 Ill. 2d 511, 515 (2002) (quoting *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991)). "A court having jurisdiction and venue over a case may dismiss or transfer the case if it 'has no practical connection to the forum.' " *Bruce v. Atadero*, 405 Ill. App. 3d 318, 322 (2010) (quoting *Torres v. Walsh*, 98 Ill. 2d 338, 348 (1983), citing, *e.g.*, *People ex rel. Compagnie Nationale Air France v. Giliberto*, 74 Ill. 2d 90 (1978)).

¶ 28　　　The plaintiff's choice of forum receives deference, and the "battle over forum begins with the plaintiff's choice already in the lead." *Guerine*, 198 Ill. 2d at 521. "We acknowledge that, though the *forum non conveniens* standard remains difficult for defendants to meet, it does not foreclose legitimate transfers when the balance of factors strongly favors litigation in another forum." *Id.* The plaintiff's chosen forum receives less deference when it is not where the plaintiff resides or where the cause of action arose. *Elling v. State Farm Mutual Automobile Insurance Co.*, 291 Ill. App. 3d 311, 318 (1997). Still, "the deference to be accorded is only *less*, as opposed to *none*, and the test is still whether the relevant factors, viewed in their totality, strongly favor transfer to another forum." (Emphases in original.) *Id.* The defendant bears the burden of showing the factors, considered together, "strongly favor" the defendant's alternative forum. *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 113 (1990).

¶ 29　　　Deciding the appropriate forum turns on the facts of each case. *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73, 76 (1983). In determining whether the balance of factors strongly favors transfer, courts consider both the relevant private and public interest factors without emphasizing any single factor. *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 443 (2006).

¶ 30    The private interest factors include (i) the convenience to the parties; (ii) the relative ease of access to sources of testimonial, documentary, and real evidence; and (iii) all other practical problems that make a trial of a case easy, expeditious, and inexpensive; for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the possibility of viewing the premises, if appropriate. *Guerine*, 198 Ill. 2d at 516.

¶ 31    The public interest factors include (i) the interest in having localized controversies decided locally, (ii) the unfairness of imposing the expense of trial and the burden of jury duty on residents of the county with little connection to the litigation, and (iii) the administrative difficulties presented by adding further litigation to court dockets in an already congested forum. *Langenhorst*, 219 Ill. 2d at 443-44; *Dawdy*, 207 Ill. 2d at 173.

¶ 32    Odman contends that the trial court (i) improperly assessed three private interest factors (the parties' residences, the majority of the witnesses' residences, and the possibility of a jury viewing the scene of the accident), (ii) improperly assessed the public interest factors (Kane County's interest in the dispute, Welch's business transactions in each county, and court congestion), (iii) failed to give lesser deference to William's choice of forum, and (iv) improperly determined that Odman had failed to establish that the private and public factors, taken together, strongly favor transfer.

¶ 33                                       Private Interest Factors

¶ 34    The trial court found the first private interest factor, the convenience of the parties, to favor neither forum. The court reasoned that William chose Cook County, so it must be more convenient for him, and Odman wants Kane County, so Kane County must be more convenient for him. If we follow this reasoning, the convenience of the parties means little because a *forum non conveniens* motion, by its nature, pits preferred forums against each other. See *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 20 ("The defendant cannot assert that the plaintiff's chosen forum is inconvenient to the plaintiff.").

¶ 35    To avoid this inevitable conflict, we must look beyond the declarations of convenience and realistically evaluate convenience and the actual burden each party bears when traveling to the plaintiff's chosen forum. We take judicial notice that about 40 miles separates the Daley Center from the Kane County courthouse. Here, convenience of the parties favors Kane County because both William and Odman reside there and traveling to and from Kane County to downtown Chicago equally inconveniences both.

¶ 36    The trial court neglected to take into account that William's choice of forum should be granted less deference because he is not a resident of Cook County and the accident did not occur in Cook County. See *Elling*, 291 Ill. App. 3d at 318; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) ("When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable."); see also *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 121 (1981) (plaintiff's nonresidence factor favoring dismissal). Accordingly, this factor favors Kane County.

¶ 37    The trial court found that the second factor, the relative ease of access to sources of testimonial, documentary, and real evidence, weighed slightly in favor of Kane County. Odman contends it should weigh strongly in favor of Kane County. We agree. The majority of witnesses reside in Kane County, and the seven damages witnesses from two Cook County

households carry little weight. Indeed, their testimony appears duplicative as they are all testifying about the same subject.

¶ 38     William's witness affidavits stating that testifying in Cook County would not be inconvenient should be given little weight as well. Three of the affidavits come from members of Jordan's family; one family member resides in Kane County and two reside in Du Page County. Accident witnesses, DeLaere and Varallo, and medical personnel, all of whom reside in Kane County, signed similar affidavits. But, DeLaeres and Varallo also signed counter-affidavits, which Odman submitted. These counter-affidavits state they had not been told that Kane County was a potential venue and prefer Kane County. The dueling DeLaere and Varallo affidavits are not "contradictory evidence," as the trial court characterized them. At best, the affidavits confirm Kane County as the most convenient forum for DeLaere and Varallo. At worst, and troubling, the counter-affidavits suggest that to keep the case in Cook County, someone on William's behalf failed to disclose the existence of Kane County as a potential venue.

¶ 39     When evaluating ease of access to testimonial evidence, the trial court claimed that, as adjacent counties, "[t]rial in either venue would not be particularly convenient, or inconvenient, for any of the witnesses." This reasoning, however, neglects to consider the 40 miles from the Kane County courthouse to the Daley Center. In *Washington v. Illinois Power Co.*, 144 Ill. 2d 395 (1991), the Illinois Supreme Court held a 30-mile drive between adjacent counties should be factored into the *forum non conveniens* analysis. "Although the county seat of Madison County is only approximately 30 miles from that of Bond County, this extra expense and inconvenience should not be imposed on appellant." *Id.* at 402. Similarly, William, Odman, and witnesses would be inconvenienced by having to travel further and spend more time doing so.

¶ 40     The trial court correctly noted access to documentary evidence is neutral but then gave too much weight to the location of Jordan's damaged motorcycle stored in Cook County. See *Ruch v. Padgett*, 2015 IL App (1st) 142972, ¶ 65 ("It would be a rare instance for the vehicle to be viewed by the trier of fact when photographs are normally used for this purpose. Although our supreme court listed the location of a defendant's vehicle as a consideration in a *forum non conveniens* case, it was not a significant factor in the supreme court's analysis." (citing *Guerine*, 198 Ill. 2d at 524-25)).

¶ 41     In sum, the second private interest factor strongly favors transfer to Kane County.

¶ 42     Regarding the other practical considerations, the trial court gave little weight to the possibility of having the jury view the accident site. Although the trial court noted that this factor supports transfer to Kane County, it went on to say, "[t]he accident involves the conduct of the truck driver and the motorcyclist, not the condition of the roadway." But, as Odman argues, there is good reason to visit the accident site; a "blind hill" allegedly blocked his view and contributed to the accident. Thus, the possibility exists that the jury will view the site of the accident to understand its geography and contours, a far different and relevant purpose than to view the road's condition. We agree with our supreme court's pronouncement in *Dawdy* that "it would be irrational" for a jury composed of one county's residents to travel to an adjacent county to view the accident scene. *Dawdy*, 207 Ill. 2d at 179; see *Evans v. MD Con, Inc.*, 275 Ill. App. 3d 292, 296 (1995) (trier of fact viewing premises "arguably could be accomplished more expeditiously if that trier were travelling from the Will County courthouse rather than from the courthouse located in Cook County").

¶ 43    William claims the accident site will not need to be viewed, citing *Langenhorst*, 219 Ill. 2d 430. In *Langenhorst*, the court found that the accident site had changed so visiting would be of little value and did not support transfer. *Id.* at 449. But the record here suggests the jury will be able to view the site as it was on the day of the accident.

¶ 44    Moreover, the issue of viewing the accident site does not involve how necessary it may be to do so. This factor "is not concerned with the *necessity* of viewing the site of the injury, but rather is concerned with the *possibility* of viewing the site, if appropriate." (Emphases in original.) *Dawdy*, 207 Ill. 2d at 178 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The fifth factor should not have been afforded little weight, and instead, strongly favors transfer to Kane County.

¶ 45    We find the trial court correctly decided the availability of compulsory processes factor was neutral. This factor does not weigh for or against transfer because compulsory process under Illinois Supreme Court Rule 237 (eff. July 1, 2005) would be equally available in either Cook or Kane County.

¶ 46    The cost of attaining willing witnesses favored transfer to Kane County because, as discussed, the majority of the witnesses either lived or worked in Kane County and neighboring counties; only the damage witnesses resided in Cook County.

¶ 47    Finally, the trial court properly decided the consideration of attorneys' offices favored Cook County but carried little weight. See *Wagner v. Eagle Food Centers, Inc.*, 398 Ill. App. 3d 354, 364 (2010) (trial court may consider location of parties' attorneys but should give this factor little weight).

¶ 48                                    Public Interest Factors

¶ 49    When evaluating the first public interest factor—interest in deciding localized controversies locally—Odman disputes the trial court considering of Cook County as having a "palpable interest" in the litigation, relying on *Dawdy*. There, the Illinois Supreme Court held that a corporate defendant's business dealings in Madison County did not give the county a local interest in litigation arising out of an accident that occurred elsewhere. *Dawdy*, 207 Ill. 2d at 182. The defendant truck driver was sued in Madison County, along with his employer, Union Pacific Railroad Company, regarding a car accident in Macoupin County. Union Pacific, which was not incorporated in Madison County, had its principal place of business in Nebraska. The trial court held that the company's business dealings in Madison County, plus the existence of the truck driver's post office box there, meant the county had a local interest in the outcome. The supreme court disagreed. "Merely conducting business, or maintaining a post office box, in Madison County, does not affect the *forum non conveniens* issue." *Id.*; see also *Kahn v. Enterprise Rent-A-Car Co.*, 355 Ill. App. 3d 13, 27 (2004) ("[T]he *Dawdy* Court expressly rejected the contention that a corporate defendant doing business in the chosen forum affects the *forum non conveniens* issue.").

¶ 50    Still, William claims Cook County does have a local interest, citing *Blake v. Colfax Corp.*, 2013 IL App (1st) 122987. In *Blake*, the appellate court found Cook County had a local interest, despite the accident having occurred elsewhere, because the corporate defendant was a Cook County resident that did most of its work in Cook County. *Id.* ¶ 26.

> "[T]he overwhelming majority of work performed by [defendant] was performed in Cook County, and the overwhelming majority of [defendant's] customers were in

Cook County. *** Cook County had an interest in how [defendant], as a Cook County corporate resident, fulfilled its obligations to train and supervise safe drivers and to service and maintain safe vehicles." *Id.*

The *Blake* court distinguished *Dawdy* stating, "[the defendant] is not a foreign corporation that has numerous facilities or offices throughout Illinois and merely a post office box located in Cook County." *Id.*

¶ 51     Welch Bros. has a connection to Cook County, but, unlike the defendant in *Blake*, it does not perform the overwhelming majority of its work there. The trial court incorrectly noted that Welch Bros. does "most of its business in Cook County." Welch Bros. does 41.8% of its business in Cook County, which is neither "most of its business," nor an "overwhelming majority" of its total business. Welch Bros. has a stronger connection to Cook County than the defendant in *Dawdy*, as it has some physical presence in the county and does a portion of its business here. But, this connection amounts to a neutral finding on local interest in the litigation.

¶ 52     We agree with the trial court's reasoning on the remaining public interest factors: (i) the unfairness of imposing the expense of a trial and (ii) the burden of jury duty on residents of a county with little connection to the litigation. The greater interest belongs to Kane County because the accident occurred within its boundaries and the parties all reside there.

¶ 53     Additionally, the similar length of case disposition in each venue is a "relatively insignificant factor" in the *forum non conveniens* analysis. See *Guerine*, 198 Ill. 2d at 517. Our supreme court has "repeatedly recognized that it is appropriate to consider the congested conditions of the docket in the plaintiff's chosen forum" even though this factor, by itself, is relatively insignificant. *Dawdy*, 207 Ill. 2d at 181. Here, court congestion is worse in Cook County than in Kane County.

¶ 54                              Weighing Relevant Factors

¶ 55     The purpose of the *forum non conveniens* doctrine is "to avoid litigation in an unduly inconvenient forum." *Jones v. Searle Laboratories*, 93 Ill. 2d 366, 377 (1982). Courts consider each case as unique on its facts. *Langenhorst*, 219 Ill. 2d at 443. Several cases illustrate that " 'the plaintiff engaged in forum shopping to suit his [or her] individual interests, a strategy contrary to the purposes behind the venue rules.' " *Dawdy*, 207 Ill. 2d at 174 (quoting *Certain Underwriters at Lloyds, London v. Illinois Central R.R. Co.*, 329 Ill. App. 3d 189, 196 (2002)).

¶ 56     For example, in *Botello v. Illinois Central R.R. Co.*, 348 Ill. App. 3d 445 (2004), this court reversed the trial court's denial of a motion to transfer venue from Cook to Du Page County. The majority of occurrence witnesses were from Du Page County, and a trial in Du Page County would significantly shorten their travel times. *Id.* at 456. The accident occurred in Du Page County so viewing the site would be more expeditious from the Du Page County courthouse. *Id.* at 457. The residents of Du Page County would have a strong connection and interest in the safety of the accident site (train tracks). *Id.* at 459. And Cook County courts were more congested. *Id.*

¶ 57     In *Allee v. Myers*, 349 Ill. App. 3d 596 (2004), the availability of potential witnesses, the condition of the premises, the availability of police investigators, the unfair burden to Cook County jurors, and the "appreciable difference in congestion" favored transfer. *Id.* at 607.

The *Allee* court noted the assumption of convenience in the foreign plaintiff's choice of a forum was no longer reasonable when plaintiff sued in Cook County despite both parties living in Stephenson County, where the tortious conduct occurred. *Id.* at 600. Taken together, these factors "strongly" favored transfer. *Id.* at 608.

¶ 58    Similarly, in *Kahn*, 355 Ill. App. 3d 13, though the decedent was treated in Cook County, the accident occurred in Du Page County and the plaintiffs, occurrence witnesses, and one defendant resided in Du Page County. Moreover, the plaintiffs failed to name any potential medical witnesses at the hospital.

¶ 59    Finally, in *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 509-11 (2003), the plaintiff voluntarily dismissed the first complaint filed in Will County and refiled in Cook County. The appellate court reversed the trial court's denial of motion for transfer based on *forum non conveniens*, deciding that the private and public interest factors strongly favored transfer—plaintiff was a Will County resident; his injury happened in Will County; and five potential witnesses, including the sole occurrence witness, were located in Will County. *Id.* Specifically, this court noted the presumption favoring a plaintiff's choice is diminished where the injury did not occur in the chosen forum and the plaintiff is not a resident. *Id.* at 509; see also *Berbig v. Sears Roebuck & Co.*, 378 Ill. App. 3d 185, 189 (2007) (plaintiff's right to select forum is substantial but based on evaluation of total circumstances, denial of motion amounted to abuse of discretion).

¶ 60    We find four of the six private interest considerations weigh in favor of transfer to Kane County: (i) convenience to the parties; (ii) ease of access to sources of testimonial, documentary, and real evidence; (iii) cost to obtain attendance of willing witnesses; and (iv) possible viewing of the premises. One of the factors, the availability of compulsory processes, is neutral, and the last, location of the attorneys, favors Cook County but is accorded little weight.

¶ 61    In sum, the private interest factors, as a group, strongly favor transfer to Kane County.

¶ 62    We find all three public interest factors favor transfer to Kane County as well: (i) the interest in having localized controversies decided locally, (ii) unfairness of imposing the expense of trial and the burden of jury duty on residents of a county with little connection to the litigation, and (iii) administrative difficulties of adding litigation to already congested court dockets. *Langenhorst*, 219 Ill. 2d at 443-44. In light of the lessened deference to William's choice of forum, the relevant factors strongly favor a transfer to Kane County.

¶ 63    "A concern animating our *forum non conveniens* jurisprudence is curtailing forum shopping by plaintiffs." *Guerine*, 198 Ill. 2d at 521. Having carefully evaluated and weighed the relevant private and public factors, we conclude that the trial court abused its discretion in finding Odman failed to establish that the factors strongly favor transfer.

¶ 64    We reverse the denial of Odman's motion to transfer on *forum non conveniens* grounds. We remand to the circuit court of Cook County with directions to transfer the cause to Kane County.

¶ 65    Reversed and remanded with directions.